## A00A0712. TODD et al. v. KELLY.
### (535 SE2d 540)

PHIPPS, Judge.

William Gerald Todd and James Noble III appeal from the trial court's order granting Glynn County Police Officer Jim Kelly's motion for summary judgment on their malicious prosecution claims. Officer Kelly participated in an investigation of suspected animal cruelty at the Glynn County Animal Control Center, where Todd was the Center's director and Noble was a Center employee. Officer Kelly believed that Todd and Noble had tampered with evidence to be used in prosecuting the animal cruelty claims and obtained warrants for their arrest. Todd and Noble were arrested, but the charges were dismissed at trial. After the criminal charges against them were dismissed, Todd and Noble filed a civil action against Officer Kelly for malicious prosecution. The trial court granted Officer Kelly's motion for summary judgment, finding that he was protected by his official immunity as a police officer. Because Officer Kelly did not act with actual malice or actual intent to cause injury when making the decision to arrest Todd and Noble, we affirm the trial court's decision.

Kelly, a lieutenant with the Glynn County Police Department, assigned Officer Larry McDonald to conduct an investigation into suspected animal cruelty at the Glynn County Animal Control Center. The investigation began after a Georgia Bureau of Investigation officer witnessed Kenneth McClendon, a Center employee, spraying water on animals and the concrete pads where they were housed on December 23, when the temperature was frigid. Todd and Noble each sent a memorandum to Officer Kelly notifying him that they had found dogs and cats frozen to the floor in the animal control building on December 26, when they returned from the Christmas holiday.

As part of the investigation, Officer McDonald met with Todd and asked him for any records that would indicate when animals were brought in and released or euthanized or died by other means. Todd told Officer McDonald that he needed the animal intake reports for a meeting that evening and would provide them the next day. Before Todd gave the records to Officer McDonald, Noble and Ruth Howell, another employee of the Center, changed six of the reports by preparing new reports without the notation that the animals were very sick. After the new reports were made, Noble threw away the original reports which noted that the animals were very sick and was

unable to locate them when Todd told him to retrieve them.

Officers Kelly and McDonald first discovered the reports had been altered during their interview of Howell. She provided them with the original reports, which she had taken out of the trash can at the Center. They also interviewed Debbie Bagley, another Center employee. Bagley told them that she had made the notations on the six original reports indicating that the animals were very sick and that Todd and Noble had told her that the reports would have to be changed. In his interview, Noble said that the reports were changed so that it would not appear that the Center kept sick animals for a long period of time.

Todd testified at deposition that he told Noble and Howell to change the reports so that they would accurately reflect that the animals were dead, not sick. In his deposition, Noble testified that he, Todd and Howell discussed it and agreed that they needed to make changes to the reports. Todd and Noble did not tell Officer Kelly or Officer McDonald at any time prior to their arrests that the reports had been changed.

During her interview with the officers, Howell told them that about a month before Christmas Todd had stated that he was going to try to find some way to get McClendon fired. Bagley gave the same information during her interview.

Based on his investigation, Officer Kelly concluded that Todd and Noble were motivated to alter the reports to limit the defense McClendon would have to the charge of cruelty to animals by precluding him from saying that they were sick at the time of their death. Officer McDonald prepared an affidavit setting forth the facts upon which he and Officer Kelly sought warrants for the arrest of Todd and Noble for tampering with evidence and presented it to the court.

We review the trial court's grant of summary judgment de novo to determine if the evidence demonstrates any genuine issue of material fact.[1] To prevail, the moving party must demonstrate that there are no genuine issues of any material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, support judgment as a matter of law.[2] "A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case."[3]

1. Todd and Noble contend that Officer Kelly is not protected by

---

[1] *Howell v. Styles*, 221 Ga. App. 781, 784 (4) (472 SE2d 548) (1996).
[2] *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).
[3] (Emphasis omitted.) Id.

immunity because he did not have reasonably objective probable cause to seek warrants for their arrest. But that is not the appropriate standard. The Georgia Constitution provides that

> all officers and employees of the state or its departments and agencies may be subject to suit and may be liable for injuries and damages caused by the negligent performance of, or negligent failure to perform, their ministerial functions and may be liable for injuries and damages if they act with actual malice or with actual intent to cause injury in the performance of their official functions. Except as provided in this subparagraph, officers and employees of the state or its departments and agencies shall not be subject to suit or liability, and no judgment shall be entered against them, for the performance or nonperformance of their official functions. The provisions of this subparagraph shall not be waived.[4]

The immunity provided by this provision also applies to officers and employees of counties.[5]

An official function is one performed within the officer's or employee's scope of authority, including both ministerial and discretionary acts.[6] No immunity is provided for ministerial acts negligently performed or for ministerial or discretionary acts performed with malice or intent to injure.[7] A discretionary act " 'calls for the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed.' [Cit.]"[8]

Kelly, a county police officer, was acting within the scope of his authority when he participated in the decision to obtain warrants for the arrest of Todd and Noble. He decided to seek the arrest warrants after conducting an investigation into the facts regarding the altered documents and concluding that Todd and Noble had improperly tampered with evidence to be used in a criminal prosecution. Because that decision was a discretionary act,[9] Officer Kelly has official immunity for it unless he acted with actual malice or actual intent to cause injury.

Todd and Noble do not contend that Officer Kelly acted with

---

[4] Ga. Const. of 1983, Art. I, Sec. II, Par. IX (d).

[5] *Gilbert v. Richardson*, 264 Ga. 744, 747 (2) (452 SE2d 476) (1994).

[6] Id. at 753 (6).

[7] Id.

[8] *Teston v. Collins*, 217 Ga. App. 829, 830 (1) (459 SE2d 452) (1995).

[9] See *Woodward v. Gray*, 241 Ga. App. 847, 851 (c) (527 SE2d 895) (2000) (decision to arrest for disorderly conduct was discretionary act).

actual intent to cause injury. "Actual malice" as used in the context of official immunity requires a deliberate intention to do wrong.[10] There is no evidence that Officer Kelly acted with actual malice. Both Todd and Noble testified that they knew Officers Kelly and McDonald prior to this incident and had no problems or conflicts with them. Although Officer Kelly's actions in seeking warrants against Todd and Noble may have been misguided, there is no evidence that they were taken with actual malice. As a result, Officer Kelly is protected by his official immunity as a police officer, and his motion for summary judgment was properly granted.

2. In light of our holding in Division 1, remaining issues are moot.

*Judgment affirmed. Johnson, C. J., and Mikell, J., concur.*

DECIDED JUNE 9, 2000.

*Clark & Clark, Fred S. Clark*, for appellants.
*Whelchel, Brown, Readdick & Bumgartner, Terry L. Readdick, Brad S. McLelland, W. Gary Moore*, for appellee.

---

[10] *Merrow v. Hawkins*, 266 Ga. 390, 392 (2) (467 SE2d 336) (1996); *Crisp County School System v. Brown*, 226 Ga. App. 800, 802 (2) (487 SE2d 512) (1997).