## A02A1304. ANDERSON v. COBB et al.
### (573 SE2d 417)

BARNES, Judge.

Mary Anderson brought suit for false arrest, false imprisonment, and malicious prosecution against Caroline Cobb individually and in her official capacity as a detective for the Walker County Sheriff's Department, and against Walker County Sheriff Steve Wilson, Walker County Commissioner Buddy Chapman, Amy Cooper, and Jesse Cooper. The trial court granted summary judgment to the three county employees on the grounds of official and sovereign immunity, and Anderson appeals. For the reasons that follow, we affirm.

On appeal from the grant of summary judgment, this Court conducts a de novo review of the record, construing the evidence and all inferences therefrom in favor of the nonmoving party. *Maddox v. Southern Engineering Co.*, 231 Ga. App. 802-803 (500 SE2d 591) (1998).

Cobb prepared an affidavit seeking an arrest warrant against Anderson for the offense of simple battery, alleging that, to the best of her knowledge and belief, Anderson "did intentionally cause physical harm to [K. C.] by grabbing her by the arms[,] violent[ly] shaking her and pushing her up against a tree." The incident arose at an overnight camp where Anderson was a chaperone and the alleged victim was a child under her supervision. A magistrate signed the warrant, and Anderson was arrested and subsequently tried for simple battery. A jury acquitted Anderson of the charge, and she then filed this lawsuit against K. C.'s parents and the three county defendants.

Anderson alleged that Cobb, the investigating detective in the case, swore out the arrest warrant "despite overwhelming testimony and physical evidence to the contrary" and "despite three (3) separate visits to the Solicitor General and Assistant Solicitor General, who advised her that no crime had been committed." Anderson further alleged that Walker County was responsible for Cobb's actions "under the doctrines of agency and/or master-servant and/or employer-employee."

In its order granting summary judgment to the three county defendants, the trial court determined that "there is no evidence in the record which would meet the requisite standard of actual malice required to overcome the defense of official immunity which prevails in favor of law enforcement officers in the State of Georgia in the exercise of his or her discretion to effectuate an arrest." On appeal,

Anderson argues that a jury could infer malice from a lack of probable cause to support Cobb's actions.

1. Nothing in the evidence establishes that the county has waived its sovereign immunity. While Cobb's official immunity does not protect the county from liability under the doctrine of respondeat superior, the county can be found liable in its official capacity for its employee's actions "only to the extent the county . . . has waived sovereign immunity." *Crisp County School System v. Brown*, 226 Ga. App. 800, 804 (2) (487 SE2d 512) (1997). Therefore, the trial court did not err in granting summary judgment to the Walker County sheriff and commissioner.

2. County employees are immune from liability unless they negligently perform ministerial tasks or act with actual malice in performing discretionary tasks. Ga. Const. of 1983, Art. I, Sec. II, Par. IX (d); *Gilbert v. Richardson*, 264 Ga. 744, 747 (2) (452 SE2d 476) (1994). The decision to seek an arrest warrant is a discretionary act (*Todd v. Kelly*, 244 Ga. App. 404, 406 (1) (535 SE2d 540) (2000)); therefore, unless Cobb acted with actual malice, she is immune from suit.

While Anderson argues that a jury could infer that Cobb acted with malice if it concluded she acted without probable cause, that analysis only applies to the threshold requirements for a tort claim for malicious prosecution, found in OCGA § 51-7-1 et seq. To successfully prosecute such a claim, a plaintiff must show that the defendant acted both without probable cause and maliciously, and malice may be inferred from a total lack of probable cause. OCGA § 51-7-44; *Simmons v. Kroger Co.*, 218 Ga. App. 721, 723 (1) (463 SE2d 159) (1995).

The issue before us, on the other hand, is not whether Cobb acted maliciously as defined in OCGA § 51-7-44, but first whether she acted with *actual* malice that would exempt her from official immunity. Georgia's "state courts must consider the issue of a government employee's qualified immunity from liability as the threshold issue in a suit against the officer in his personal capacity." *Cameron v. Lang*, 274 Ga. 122, 124 (1) (549 SE2d 341) (2001). " '[A]ctual malice' requires a deliberate intention to do wrong," as distinguished from "implied malice," *Merrow v. Hawkins*, 266 Ga. 390, 391 (467 SE2d 336) (1996), which in a criminal context means reckless disregard for human life. Id. at 392 (2). Ill will alone is insufficient to establish actual malice; Anderson must show that Cobb acted with the deliberate intent to commit a wrongful act or with the deliberate intent to harm her. *Adams v. Hazelwood*, 271 Ga. 414 (520 SE2d 896) (1999).

In this case, Anderson argues that Cobb could have investigated further before seeking an arrest warrant. She outlines the witnesses Cobb did not talk to and asserts that Cobb followed poor procedures in the interviews she did conduct. Assuming for the sake of argument

that the record contains evidence to support these assertions, such actions do not show a deliberate intent to commit a wrongful act or to harm Anderson. Further, two assistant district attorneys for the Lookout Mountain Judicial Circuit submitted affidavits explaining that Cobb had consulted them and had expressed no malice or animosity toward Anderson. After a thorough review of the evidence she had obtained, they advised her that she had "more than sufficient probable cause to arrest Mary Anderson for the offense of simple battery." Finally, the Walker County State Court Solicitor-General stated by affidavit that, after reviewing Cobb's file, he concluded that probable cause existed, executed an accusation against Anderson for simple battery, and prosecuted the case at trial.

There being no evidence Cobb acted with actual malice, the trial court did not err in granting summary judgment to her on Anderson's claims. *Todd v. Kelly*, supra, 244 Ga. App. at 406.

*Judgment affirmed. Ruffin, P. J., and Pope, Senior Appellate Judge, concur.*

DECIDED OCTOBER 24, 2002.

*Brian M. House*, for appellant.
*James W. Moffitt, David W. Noblit*, for appellees.