A03A0100. PAGE v. CFJ PROPERTIES et al.
(578 SE2d 522)

BLACKBURN, Presiding Judge.

Jersey Joe Page appeals the trial court's grant of summary judgment to appellees, CFJ Properties d/b/a Flying J Travel Plaza and Flying J, Inc., in his suit alleging malicious arrest and prosecution arising from his arrest by Officer Mark Waycaster for shoplifting. For the reasons set forth below, we affirm.

> When ruling on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions therefrom most favorably toward the party opposing the motion. Further, this court conducts a de novo review of the law and the evidence.

(Citation omitted.) *Hyatt Corp. v. Cook.*[1]

Appellees (hereinafter "Flying J") hired Waycaster, a police officer with the Gordon County Sheriff's Department, to provide security at their travel plaza. On February 11, 1999, Waycaster was standing behind a one-way mirror in a room overlooking the store when he noticed Page in an aisle below. Page looked back and forth at the cashiers and acted as if he were nervous. As Waycaster watched, Page took a bottle of shampoo from a shelf and, after looking around, placed it under his arm beneath his flannel shirt.

At this point, Officer Waycaster went downstairs, confronted Page, and asked him to hand over the shampoo. When Page denied having anything, Waycaster told him the shampoo was under his arm. Page handed over the shampoo, and Waycaster informed him that he was going to arrest him. Leading Page to the exit, Waycaster told an employee that he had placed Page under arrest and would be calling a patrol car to pick them up. He also told the employee that he needed to speak with the manager.

---

[1] *Hyatt Corp. v. Cook,* 242 Ga. App. 542, 543 (529 SE2d 633) (2000).

When the manager came out to speak with him, Officer Waycaster told him that he had arrested Page and would be accompanying him to the sheriff's department for booking. After a period of time, a patrol unit picked up Waycaster and Page and took them to the jail. While Page was being booked, Waycaster wrote out a warrant and then went to a magistrate judge for his signature.

Following a jury trial, Page was found not guilty of the shoplifting charge. He sued Flying J for malicious arrest and prosecution. Flying J moved for summary judgment on the ground that Waycaster was a police officer and an independent contractor, and that Flying J did not exercise enough control over him to be liable. The trial court agreed and granted summary judgment.

Page maintains that the trial court erred in granting appellees' motion for summary judgment because there is a genuine issue of material fact concerning whether Officer Waycaster was acting as an independent contractor or an employee of appellees at the time Waycaster arrested Page. We disagree.

> Although as a general rule, employers are not responsible under the theory of respondeat superior for the torts of independent contractors, if an employer controls the time, manner, and method of executing the work, an employer-employee relationship exists and liability will attach. In cases involving off-duty police officers working for private employers, however, the employer escapes liability if the officer was performing police duties which the employer did not direct when the cause of action arose.

(Citation and punctuation omitted.) *Wilson v. Waffle House.*[2]

In this case, the testimony shows that Officer Waycaster learned of the security work at Flying J from the sergeant at the sheriff's department. A calendar was kept in the sergeant's office, and officers could sign up on the schedule for days they wished to work at Flying J.

Officer Waycaster testified that Flying J did not give him a job description or list of duties and responsibilities at the time he began work for them. Flying J provided him with neither orientation nor training; indeed, he testified that he received no information at all from Flying J about what was expected of him. Further, Waycaster never interviewed with Flying J for the security position and never signed a formal contract or employment agreement with Flying J. He worked under a verbal agreement.

When Officer Waycaster went to work, he simply reported his

---

[2] *Wilson v. Waffle House*, 235 Ga. App. 539 (510 SE2d 105) (1998).

presence to the manager. He wore the uniform of the Gordon County Sheriff's Department and had the badge, radio, handcuffs, and weapon supplied by the department.

On the evening he arrested Page, Officer Waycaster was working alone in a room from which he could survey the store. He testified that no one directed his attention to Page, no one told him to confront Page, and no one instructed him to arrest Page. Instead, he testified, he determined that there was probable cause for an arrest and made the decision to arrest Page based on his training and experience as a police officer. He arrested Page and transported him to the sheriff's department pursuant to his authority as a Gordon County Sheriff's officer. He informed the manager that he had made the arrest and that he was taking Page to the sheriff's department to be booked, and he did not return to Flying J until after he had written out a warrant and secured a magistrate judge's signature on it.

Given these facts and circumstances, even when viewed in the light most favorable to Page, it is clear that Officer Waycaster was performing police duties which Flying J did not direct when he arrested Page. *Wilson,* supra at 539-540. It thus was immaterial whether Officer Waycaster was an employee or independent contractor of Flying J because his conduct in arresting Page was a discharge of his function as a police officer. *Rembert v. Arthur Schneider Sales.*[3] The trial court did not err in granting Flying J's motion for summary judgment.

*Judgment affirmed. Ellington and Phipps, JJ., concur.*

DECIDED FEBRUARY 24, 2003.

*White, Choate & Watkins, Thomas N. Brunt,* for appellant.
*Butler, Burnette & Pappas, Max G. Factor,* for appellees.

[3] *Rembert v. Arthur Schneider Sales,* 208 Ga. App. 903, 905 (432 SE2d 809) (1993).