A06A2217. TOUCHTON et al. v. BRAMBLE et al.

(643 SE2d 541)

MILLER, Judge.

John Touchton, his wife Janet, and his daughter Stephanie, as natural parent and next friend of Brittany Ramsey (collectively, "the Touchtons"), sued Eric Bramble and Wild Adventures, Inc. ("Wild Adventures") for numerous tort claims allegedly arising out of an incident at an amusement park involving Mr. Touchton's arrest for indecent exposure. Bramble and Wild Adventures subsequently moved for summary judgment. The trial court granted the motions, and the Touchtons appeal. For reasons that follow, we affirm.

Summary judgment is appropriate when no genuine issues of material fact remain and the moving party is entitled to judgment as a matter of law. See OCGA § 9-11-56 (c). We review a trial court's grant of summary judgment de novo, construing the evidence and all reasonable inferences in favor of the nonmoving party. See *Reed v. DeKalb County*, 264 Ga. App. 83, 83-84 (589 SE2d 584) (2003).

Viewed in this manner, the record shows that Mr. Touchton and his granddaughter, Brittany,[1] went to the Wild Adventures Theme Park in Lowndes County around 11:30 a.m. on July 27, 2002. That same morning, two other park patrons — Dave and Kay Burchill — reported to park employee Wendy Hart that they had seen a man "expos[ing] himself" in the park. Hart reported the incident to Detective Eric Bramble of the Lowndes County Sheriff's Department, who was working in the park. The Burchills told Bramble what they had seen and provided a general description of the man.

Bramble asked Hart and other park employees to help him look for the man described by the Burchills. Mr. Burchill subsequently saw Mr. Touchton and identified him as the man who had exposed himself. Bramble asked Mr. Touchton to accompany him to the park office, while Brittany stayed with Wild Adventures personnel.

With Hart present, Bramble spoke with Mr. Touchton in a guest services room, describing the Burchills' accusations. Despite Mr. Touchton's denial, Bramble stated that he was "guilty as hell" and arrested him for indecent exposure. Bramble handcuffed Mr. Touchton with help from Hart, who turned Mr. Touchton against the wall

---

[1] Brittany is also referred to in the record as Brianna and Lexi.

during the cuffing process. Mr. Touchton was then led past Ms. Burchill, who identified him as the man she saw exposing himself. According to Bramble, the Burchills were "a hundred percent sure" about their identifications.

Bramble and another law enforcement officer took Mr. Touchton out the back gate of the park, past Brittany and other park patrons, to a waiting police car. He was then transported to the Lowndes County jail. Bramble drove Brittany to the jail to wait for her mother, Stephanie. According to Stephanie, when she arrived at the jail, Bramble described the accusations against Mr. Touchton in front of Brittany and stated that he was guilty. Mr. Touchton was eventually tried on the criminal charge. Although he moved for a directed verdict of acquittal, the trial court allowed the case to go to the jury, which found him not guilty.

The Touchtons subsequently sued Bramble and Wild Adventures, alleging claims for tortious misconduct, false arrest, false imprisonment, defamation, malicious prosecution, battery, invasion of privacy, and loss of consortium. Both defendants moved for summary judgment, and the trial court granted the motions.[2]

1. *Claims against Wild Adventures.* The trial court granted Wild Adventures summary judgment as to all claims. We find no error.

(a) *Respondeat superior.* The Touchtons contend that Wild Adventures is responsible for Bramble's conduct — and particularly his actions giving rise to claims for defamation and false imprisonment — based on the doctrine of respondeat superior. Under this doctrine, an employer is liable for the torts of an independent contractor if the employer controls the time, manner, and method of executing the work. See *Page v. CJF Properties*, 259 Ga. App. 812, 813 (578 SE2d 522) (2003). At that point, "an employer-employee relationship exists and liability will attach." Id. As we have found, however, "[i]n cases involving off-duty police officers working for private employers, . . . the employer escapes liability if the officer was performing police duties which the employer did not direct when the cause of action arose." (Citations and punctuation omitted.) Id.

The evidence shows that Wild Adventures asked the Lowndes County Sheriff's Department to provide law enforcement at the park. Corporal Mike Adams coordinated the effort for the Department, determining the number of officers needed, orienting the officers to the park, assigning duties, and approving the hours worked. Although Wild Adventures paid the deputies directly, Adams testified

---

[2] Bramble styled his motion as a Motion to Dismiss or in the alternative Motion for Summary Judgment. In deciding the motion, the trial court considered evidence outside of the pleadings and thus converted it to a motion for summary judgment. See *Schulze v. DeKalb County*, 230 Ga. App. 305, 306 (496 SE2d 273) (1998).

that deputies did not take orders from Wild Adventures personnel; they answered only to the sheriff's department. Adams further testified that Wild Adventures had no control over law enforcement decisions made by the deputies.

Bramble similarly testified that on the day of the incident, he was serving "extra duty" at the amusement park, "[p]erforming a law enforcement support function at the theme park with a number of other officers." The security director at Wild Adventures never told him how to handle criminal acts or security issues at the park, and Wild Adventures did not direct him in his law enforcement duties.

Mike Courson, Wild Adventures' field operations manager and head of security at the time of the incident, confirmed that the sheriff's department decided which deputies to assign to the park. He further testified that Wild Adventures did not provide direction, guidelines, or instruction to the deputies, although park employees would bring matters to their attention or ask for assistance.

Given this evidence, no reasonable jury could find Wild Adventures liable for Bramble's conduct. Wild Adventures is not responsible for his actions simply because it paid him. See *Hyatt Corp. v. Cook*, 242 Ga. App. 542, 544-545 (529 SE2d 633) (2000). Moreover, although Wild Adventures employees helped Bramble locate Mr. Touchton and assisted in his detention and arrest, the facts do not demonstrate that Wild Adventures directed or controlled Bramble during the investigation or in the exercise of his police duties. The trial court, therefore, properly granted Wild Adventures summary judgment on all claims grounded in respondeat superior. See *Page*, supra, 259 Ga. App. at 813-814; *Hyatt Corp.*, supra, 242 Ga. App. at 545.

(b) *False arrest, malicious prosecution, and battery.* The Touchtons concede that to recover on their direct claims against Wild Adventures for false arrest, malicious prosecution, and battery,[3] they "must prove that there was no probable cause for [Mr. Touchton's] arrest." This they fail to do. Although the jury in Mr. Touchton's criminal trial eventually found him not guilty, the trial judge denied his motion for directed verdict of acquittal. As stated by our Supreme Court, "[a] judge's denial of a motion for a directed verdict of acquittal in the criminal case is a binding determination that probable cause exists."[4] *K-Mart Corp. v. Coker*, 261 Ga. 745, 746 (1) (410 SE2d 425) (1991). Thus, Wild Adventures was entitled to summary judgment on these claims.

---

[3] The battery claim against Wild Adventures apparently relates to Hart's effort to assist Bramble in handcuffing Mr. Touchton.

[4] An earlier Supreme Court case suggests that this probable cause determination can be overcome if the plaintiff proves that the order denying the motion for directed verdict of acquittal "was procured by use of fraud or corruption." *Akins v. Warren*, 258 Ga. 853, 854 (2) (375

(c) *Tortious misconduct and invasion of privacy.* On appeal, the Touchtons assert that Wild Adventures employee Hart helped "escort[ ] Mr. Touchton, handcuffed, in front of other customers and his own granddaughter to a waiting patrol car." They contend that by leading Mr. Touchton to the car in public view, Hart engaged in abusive conduct, subjecting Wild Adventures to liability for tortious misconduct. They further argue that through Hart, Wild Adventures participated unnecessarily in his public humiliation, raising an invasion of privacy claim.

Regardless of whether these facts could support such claims, the record belies the Touchtons' assertion that Hart escorted Mr. Touchton to the police car. At deposition, Mr. Touchton testified that Bramble and another law enforcement officer placed him in the car. Asked specifically who escorted him to the vehicle, Mr. Touchton further stated: "Bramble escorted me to the car, and the other deputy put me in." Given this clear testimony, we cannot agree with the Touchtons that other vague statements in his testimony can be construed to include Hart. See *Sharfuddin v. Drug Emporium*, 230 Ga. App. 679, 684 (3) (e) (498 SE2d 748) (1998) (vague and equivocal testimony is insufficient to create a triable issue at summary judgment). The trial court, therefore, properly granted Wild Adventures summary judgment on the Touchtons' tortious misconduct and invasion of privacy claims.

2. *Claims against Bramble.* In granting summary judgment to Bramble, the trial court found the officer immune from suit under the doctrine of official immunity. This doctrine " 'protects individual public agents from personal liability for discretionary actions taken within the scope of their official authority, and done without wilfulness, malice or corruption.' " *Reed*, supra, 264 Ga. App. at 86.

As discussed above, Bramble was not an agent or employee of Wild Adventures when he encountered Mr. Touchton. He was acting in his capacity as a detective with the Lowndes County Sheriff's Department. Under Georgia law, an officer's decision

to effectuate a warrantless arrest generally is a discretionary act requiring personal judgment and deliberation on the part of the officer. Even when an arresting officer operates on a mistaken belief that an arrest is appropriate, official immunity still applies. Absent malice or intent to injure, no

SE2d 605) (1989); see also *Condon v. Vickery*, 270 Ga. App. 322, 324 (1) (606 SE2d 336) (2004) (citing *Akins*). The Touchtons, however, do not claim that the ruling in the criminal trial resulted from fraud or corruption. They argue only that they should be permitted to show in this case that Mr. Touchton's arrest lacked probable cause.

liability attaches to the officer's exercise of his lawful discretion even when the decision to effectuate the arrest is flawed. In the context of official immunity, "actual malice" means a deliberate intent to do wrong.

(Citations omitted.) *Reed*, supra, 264 Ga. App. at 86-87.

On appeal, the Touchtons do not question that Bramble's actions were discretionary. They argue instead that factual issues remain as to whether Bramble's decision to arrest arose from malice or corruption. According to the Touchtons, Bramble determined that Mr. Touchton was "guilty as hell" and arrested him before conducting any meaningful investigation.

Bramble, however, did not act without evidentiary support. The Burchills positively — and separately — identified Mr. Touchton as the man they saw exposing himself at the amusement park. We recognize that a jury ultimately found Mr. Touchton not guilty of the charge. But the trial court presiding over the criminal proceeding denied his motion for a directed verdict of acquittal. In short, the evidence generated by Bramble's investigation was sufficient to raise a jury question in the criminal trial. Under these circumstances, Bramble's failure to take additional investigative steps does not show the actual malice or intent to injure necessary to strip him of official immunity. See *Reed*, supra, 264 Ga. App. at 87; see also *Anderson v. Cobb*, 258 Ga. App. 159, 160-161 (2) (573 SE2d 417) (2002) (officer who swore out arrest warrant following investigation entitled to official immunity; even if officer could have investigated further before seeking arrest warrant, the record did not show that the officer acted with actual malice); *Todd v. Kelly*, 244 Ga. App. 404, 407 (535 SE2d 540) (2000) (regardless of whether officer's decision to obtain arrest warrant was "misguided," officer entitled to official immunity where record contained no evidence that officer acted with actual malice).

Similarly, no reasonable jury could find actual malice or corruption in Bramble's comments regarding Mr. Touchton's guilt. Although the Touchtons argue on appeal that Bramble recklessly reached a conclusion as to guilt, reckless disregard does not constitute actual malice and cannot defeat an official immunity defense. See *Phillips v. Hanse*, 281 Ga. 133, 136 (2) (637 SE2d 11) (2006) ("actual malice requires more than reckless conduct").

The Touchtons have offered no evidence that Bramble acted with actual malice or an intent to injure. Accordingly, the trial court properly found Bramble immune from suit as an officer acting within his official capacity. See *Reed*, supra; *Anderson*, supra; *Todd*, supra.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED MARCH 13, 2007 — 

*Jack J. Helms, Jr., Berrien L. Sutton,* for appellants.
*Langdale & Vallotton, W. Pope Langdale III, Elliott, Blackburn, Barnes & Gooding, James L. Elliott,* for appellees.