### A08A0325. SHANNON v. OFFICE MAX NORTH AMERICA, INC. et al.
#### (662 SE2d 885)

RUFFIN, Presiding Judge.

After Office Max North America, Inc. terminated his employment, Zachary Shannon brought an action against the company and two of its employees (collectively, "Office Max") alleging, among other claims, false imprisonment, extortion, and defamation. The trial court granted summary judgment to Office Max on these claims, and Shannon appeals. Finding no error, we affirm.

1. We note that neither Shannon nor Office Max has properly cited the record in its brief. Court of Appeals Rule 25 (c) (2) (iii) provides that "[r]eference to the record shall be indicated by specific volume or part of the record and by (R-Page Number of the Record)." We remind counsel that our rules on the form of appellate briefs "were created not to provide an obstacle, but to aid parties in presenting their arguments in a manner most likely to be fully and efficiently comprehended by this Court."[1] And we will not cull the record on the parties' behalf.[2]

2. Shannon first argues that the trial court erred in relying on excerpts from his deposition submitted by Office Max in support of its motion for summary judgment because the original deposition was not filed with the trial court. But "case law specifically allows a trial court to rely on deposition excerpts filed by a party in support of a motion."[3] Accordingly, this enumeration presents no basis for reversal.[4]

3. Shannon contends that the trial court erred in granting summary judgment to Office Max on his claims for false imprisonment, extortion, and defamation. Summary judgment is proper when there are no genuine issues of material fact and the moving party is

---

[1] (Punctuation omitted.) *Mabra v. Deutsche Bank & Trust Co. Americas*, 277 Ga. App. 764, 766 (1) (627 SE2d 849) (2006).

[2] See *AdvanceMe, Inc. v. Finley*, 275 Ga. App. 415, 416 (1) (620 SE2d 655) (2005); *All Fleet Refinishing v. West Ga. Nat. Bank*, 280 Ga. App. 676, 681 (4) (a) (634 SE2d 802) (2006).

[3] *Village Auto Ins. Co. v. Rush*, 286 Ga. App. 688, 693 (5) (649 SE2d 862) (2007) (trial court permitted to rely on excerpts of deposition testimony attached to motion even though complete deposition transcripts were not filed with the court).

[4] See id.

entitled to judgment as a matter of law.[5] "We review a trial court's grant of summary judgment de novo, construing the evidence and all reasonable inferences in favor of the nonmoving party."[6] However, a defendant who does not bear the burden of proof at trial "need only show an absence of evidence to support an essential element of the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue."[7]

Viewed in a light favorable to Shannon, the evidence shows that he was working for Office Max in January 2006. As part of his employment, Shannon signed an agreement with Office Max that he would not photocopy pornographic materials. According to the store's manager, Daniel Jones, an Office Max employee discovered pornographic photocopies on one of the store's copiers on the morning of January 14, 2006. Shannon had used the photocopying machine the previous evening. Shannon had also operated the cash register at which the customer had paid for the pornographic photocopies, and had not charged the customer for all the copies made.

On January 20, 2006, Jones and James Mastin, a loss prevention officer for Office Max, called Shannon into the store's cash office for an interview. According to Jones, Shannon admitted that he had discounted copies, made copies for his personal use, and copied pornographic material. Shannon signed a written statement documenting his actions. Both Jones and Mastin left the room on three separate occasions; they claim they never told Shannon that he could not leave. Shannon, however, contends that he was told he could not leave and that he never attempted to leave during the interview because he "wanted to solve this without having to have a legal matter." The interview lasted approximately one hour and twenty-five minutes. Office Max terminated Shannon's employment, and he left the premises.

(a) "False imprisonment is the unlawful detention of the person of another, for any length of time, whereby such person is deprived of his personal liberty."[8] "The restraint used to create the detention must be against the plaintiff's will and be accomplished by either force or fear."[9] Restraint may occur either by actual physical

---

[5] See OCGA § 9-11-56 (c).

[6] *Touchton v. Bramble*, 284 Ga. App. 164 (643 SE2d 541) (2007).

[7] (Punctuation omitted.) *Sewell v. Trib Publications*, 276 Ga. App. 250, 251 (622 SE2d 919) (2005).

[8] OCGA § 51-7-20.

[9] (Punctuation omitted.) *Miraliakbari v. Pennicooke*, 254 Ga. App. 156, 160 (4) (561 SE2d 483) (2002).

restraint or by words or threats that produce a reasonable fear that physical force will be used against the plaintiff.[10] The threat of being terminated from at-will employment cannot constitute the basis of a false imprisonment claim.[11]

In granting Office Max's motion for summary judgment on Shannon's claim of false imprisonment, the trial court found that Shannon "stayed in the room to clear himself of suspicion, and he was not restrained either by force or by threat of force." We agree. Even accepting as true for purposes of this motion that Shannon was told he could not leave, there is simply no evidence in the record that Shannon was ever physically restrained or threatened with physical force. Shannon argues that he was threatened with the loss of his job and with criminal prosecution, but such threats do not constitute detention for purposes of a false imprisonment claim.[12] Under these circumstances, the trial court did not err in granting summary judgment to Office Max on Shannon's claim for false imprisonment.[13]

(b) Shannon alleges as error the trial court's grant of summary judgment on his extortion claim. Shannon concedes that no private right of action exists in Georgia for extortion, but contends that he has set forth a claim for tortious coercion. Tortious coercion involves duress resulting from a criminal prosecution; however, "mere threats of criminal prosecution, where neither warrant has been issued nor proceedings commenced, do not constitute duress."[14] And there is no evidence that Office Max ever sought a warrant for Shannon's arrest or commenced criminal proceedings against him. Accordingly, even if Shannon's extortion claim is recast as one for tortious coercion, the trial court properly granted summary judgment to Office Max.[15]

(c) Shannon contends that the trial court should not have granted summary judgment on his claim for defamation. The trial court found that

> the only possible source for the claim of defamation is Office Max'[s] reporting of Mr. Shannon's termination to the Georgia Department of Labor. Not only is this communication absolutely privilege[d], . . . but . . . the contents of the communication were true and are therefore not actionable.

---

[10] See id. at 161; *Fields v. Kroger Co.*, 202 Ga. App. 475 (414 SE2d 703) (1992).

[11] See *Miraliakbari*, supra.

[12] See id.

[13] See id.

[14] (Punctuation omitted.) *Peavy v. Bank South, N.A.*, 222 Ga. App. 501, 503 (1) (474 SE2d 690) (1996).

[15] See id.

Shannon, apparently conceding that the report to the Department of Labor is not actionable, instead argues that he is entitled to pursue a defamation claim based on a conversation between Mastin and Shannon's father and on "reports" submitted by Jones and Mastin.

Shannon, however, cannot point to specific evidence giving rise to a triable issue of fact on at least one element of both of these alleged defamatory acts. The elements of a cause of action for defamation are: "(1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged communication to a third party; (3) fault by the defendant amounting at least to negligence; and (4) special harm or the actionability of the statement irrespective of special harm."[16] With respect to a conversation between Mastin and Shannon's father, we find no evidence in the record that Mastin made any false and defamatory statement concerning Shannon. The excerpt of Shannon's father's deposition makes no mention of a conversation. And although Mastin testified that he and Shannon's father discussed obtaining copies of the documents Shannon signed, we find no evidence of the substance of their conversation. With respect to the reports prepared by Jones and Mastin for Office Max, Shannon has not demonstrated that these documents (one of which was signed by Shannon) were communicated without privilege to a third party.[17] The trial court did not err in granting summary judgment to Office Max on Shannon's defamation claim.[18]

*Judgment affirmed. Andrews and Bernes, JJ., concur.*

DECIDED JUNE 5, 2008.

*Clifford H. Hardwick*, for appellant.
*Ogletree, Deakins, Nash, Smoak & Stewart, Jaime N. Cole, Gregory J. Hare*, for appellees.

---

[16] (Punctuation omitted.) *Mathis v. Cannon*, 276 Ga. 16, 20 (2) (573 SE2d 376) (2002).

[17] See *McClesky v. The Home Depot*, 272 Ga. App. 469, 472 (1) (612 SE2d 617) (2005) (summary judgment appropriate for employer on defamation claim when terminated employee did not establish that other employees who heard alleged defamatory statements were not authorized to receive information); *ComSouth Teleservices v. Liggett*, 243 Ga. App. 446, 448 (2) (531 SE2d 190) (2000) (employer entitled to summary judgment on claim for defamation by terminated employee where termination not publicized outside company except for report to Department of Labor, which was absolutely privileged).

[18] See *McClesky*, supra.