A08A1173. LEWIS v. MEREDITH CORPORATION et al.
(667 SE2d 716)

BARNES, Chief Judge.

Schewislzer Lewis appeals the trial court's grant of summary judgment to the Meredith Corporation, d/b/a WGCL TV CBS 46, Rick Erbach, Kay Thornhill and Dave Wertheimer ("Meredith") in his defamation suit. Lewis contends the trial court erred when it granted summary judgment on his claims of defamation, intentional infliction of emotional distress and negligence, and on his claim for punitive damages. Finding no error, we affirm.

Lewis worked as a photographer for Meredith's Atlanta television station, Channel 46. Erbach was the news director, Wertheimer was the news manager of technical operations, and Thornhill was the human resources manager, and all three were members of the Channel 46 management team. In September 2005 two Channel 46 employees told a co-worker they had seen Lewis watching video material they believed to be inappropriate. The third employee advised Lewis's supervisor, Wertheimer, about the conversation, which Wertheimer then reported to Erbach, who reported it to Thornhill. It is a violation of company policy to use Channel 46 equipment to view inappropriate video material.

Thornhill and Erbach met privately with Lewis about his alleged misconduct, and advised him that they would conduct a confidential investigation. Lewis explained that he had been working on "edgy" material for some commercials the station had asked him to produce and that one editing technique produced an effect that resembled

YALE LAW LIBRARY

nudity. Thornhill and Erbach met individually with the two employees who saw Lewis and the third employee they told about the incident, directing each man to keep the matter confidential. Thornhill and Erbach completed the investigation in November 2005 and concluded they had insufficient evidence to warrant disciplining Lewis.

After the internal investigation, Lewis complained to a human resources representative at Meredith that he had been subjected to an unwarranted investigation. Meredith responded to his concerns by retaining an attorney to investigate Lewis's allegations against Channel 46.

Lewis sued Meredith for defamation, intentional infliction of emotional distress, invasion of privacy, and negligence, and sought punitive damages. Meredith moved for summary judgment on all counts, which the trial court granted. This appeal follows.

Summary judgment is proper when the record reveals no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. OGCA § 9-11-56 (c). We review the trial court's grant of summary judgment de novo, construing the evidence and all reasonable inferences in favor of the nonmoving party. *Touchton v. Bramble,* 284 Ga. App. 164 (643 SE2d 541) (2007). Additionally, to prevail at summary judgment a movant who does not bear the burden of proof need only show an absence of evidence to support an essential element of the nonmoving party's case. *Lau's Corp. v. Haskins,* 261 Ga. 491 (405 SE2d 474) (1991). Absent evidence sufficient to create a genuine issue as to any essential element of the respondent's claim, summary judgment is proper regardless of any factual issues regarding nonessential elements. Id.; *Holiday Inns v. Newton,* 157 Ga. App. 436 (278 SE2d 85) (1981).

1. Lewis contends that the trial court erred in granting summary judgment on his defamation claim and holding that no publication occurred because he failed to produce evidence of any particular defamatory statement. "[D]efamation consists in . . . [m]aking charges against another in reference to his trade, office, or profession, calculated to injure him therein; . . . or [u]ttering any disparaging words productive of special damage which flows naturally therefrom." OCGA § 51-5-4 (a) (3), (4).

To establish a cause of action for defamation, a plaintiff must submit evidence of (1) a false and defamatory statement about himself; (2) an unprivileged communication to a third party; (3) fault by the defendant amounting at least to negligence; and (4) special damages or defamatory words "injurious on their face." *Smith v. Stewart,* 291 Ga. App. 86, 96 (2) (660 SE2d 822) (2008). To establish a cause of action, the defamatory statement must be published. *Sigmon v. Womack,* 158 Ga. App. 47, 48 (1) (279 SE2d 254) (1981). A

plaintiff cannot prove publication without introducing evidence of the specific statement used in an allegedly defamatory communication. *ITT Rayonier, Inc. v. McLaney*, 204 Ga. App. 762, 765 (2) (420 SE2d 610) (1992).

Lewis failed to produce any evidence of a specific defamatory statement. He cites to none in his brief. His assertion that members of the management team disseminated rumors that he had "been reported viewing pornography and nude white penises" is not supported by the record. Without this evidence, Lewis's defamation claim fails.

Further, statements made during private, intra-corporate investigations conducted in good faith performance of a private duty are privileged and are not "published" for purposes of a defamation claim. OCGA § 51-5-7 (2), (3); *Assn. Svcs. v. Smith*, 249 Ga. App. 629, 638 (10) (549 SE2d 454) (2001); *Kurtz v. Williams*, 188 Ga. App. 14, 15 (3) (371 SE2d 878) (1988). Here, the management team instructed all parties involved to keep the matter confidential. When Lewis complained to Meredith that the investigation had been unwarranted, Meredith retained outside counsel to independently investigate Lewis's claim. Lewis has submitted no evidence that the company acted in bad faith.

Accordingly, the trial court did not err in holding that management's interviews with Lewis's co-employees were privileged and did not constitute publication. *Luckey v. Gioia*, 230 Ga. App. 431 (496 SE2d 539) (1998).

2. Lewis also contends that the company acted maliciously with reckless disregard for the truth, and thus "destroyed" its conditional privilege. Although the good faith intra-corporate investigation privilege may not apply if it is used as "a cloak for venting private malice," *McClesky v. The Home Depot*, 272 Ga. App. 469, 473 (2) (612 SE2d 617) (2005), the element of malice is irrelevant without publication. *Fly v. Kroger Co.*, 209 Ga. App. 75, 77 (1) (432 SE2d 664) (1993).

3. Lewis asserts that the trial court erred in dismissing his claim for intentional infliction of emotional distress. This claim, however, rises from Lewis's defamation claim. Without the defamation claim, he has no cause of action for emotional distress. *Bridges v. Winn-Dixie Atlanta*, 176 Ga. App. 227, 230 (335 SE2d 445) (1985).

4. Lewis argues that the trial court erred in dismissing his negligence claim. A negligence claim must result from the breach of a duty, and is the third element of a cause of action for defamation. *Mathis v. Cannon*, 276 Ga. 16, 20 (2) (573 SE2d 376) (2002). As with the emotional distress claim, however, without the defamation claim, Lewis has no separate cause of action for "negligence." *Mead v. True Citizen*, 203 Ga. App. 361, 362 (417 SE2d 16) (1992).

5. Finally, Lewis contends that the trial court erred in granting summary judgment against him on his punitive damages claim. Under Georgia law, a plaintiff cannot recover punitive damages when the underlying tort claim fails. *Benefit Support, Inc. v. Hall County*, 281 Ga. App. 825, 833 (6) (637 SE2d 763) (2006). Here, Lewis's underlying tort claims failed for lack of evidence; accordingly, the trial court did not err in granting summary judgment on Lewis's claim for punitive damages.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 30, 2008.

*Molden, Holley & Thompson, Regina S. Molden,* for appellant.
*Hunton & Williams, Emily B. Vicente, Robert T. Quackenboss, Jr., L. Traywick Duffie,* for appellees.