[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10377

Non-Argument Calendar

_____

RACHEL MOSBY,

Plaintiff-Appellant,

*versus*

CITY OF BYRON, GEORGIA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:20-cv-00163-TES

_____

Before WILSON, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Rachel Mosby, a former fire chief for the City of Byron, Georgia, appeals the district court's grant of summary judgment to the City on several Title VII and ADA claims. Mosby also challenges the district court's dismissal of her procedural due process claims under the United States and Georgia Constitutions and her state law defamation claim. Upon careful consideration, we affirm.

## I. BACKGROUND

Mosby was the City of Byron's fire chief for eleven years before being terminated in 2019. Afterwards, she retained counsel and filed a charge of discrimination with the Equal Employment Opportunity Commission alleging that the City had violated Title VII and the ADA. The City filed a position statement with the Commission that responded to the merits of Mosby's charge. Neither party disputes that the charge was never properly verified, or that there was any attempt to cure verification until after Mosby had already requested and the Department of Justice had already issued a right to sue letter.

Upon being authorized to do so, Mosby brought a lawsuit against the City in the Middle District of Georgia. In addition to her Title VII and ADA claims (Counts I–IV), Mosby alleged procedural due process violations under the United States and Geor-

gia Constitutions and defamation under Georgia state law. Counts V and VI of the complaint alleged that Mosby had a property interest in continued employment as the City's fire chief based on a "long-standing personnel policy" allowing department heads to appeal adverse employment actions. The City notified her on November 13, 2018, that it would be changing this policy to disallow appeals by department heads effective January 14, 2019. Mosby was terminated more than four months after the change went into effect. Count VII further alleged that the City "made and published false [verbal and written] statements to the media and other third parties" regarding Mosby that "were calculated to injure [Mosby's] reputation," "imputed . . . a want of integrity and misfeasance in her office," and caused damages "including but not limited to a complete inability to secure similar employment in her field."

The City moved to dismiss Mosby's Title VII and ADA claims on the grounds that failure to verify a charge of discrimination required dismissal as a matter of law. It also argued that Counts V–VII failed to state valid claims for relief. To consider matters outside the pleadings, the district court converted the City's motion to dismiss to one for summary judgment. The court then granted summary judgment to the City on Mosby's Title VII and ADA claims and dismissed her due process and defamation claims. Mosby timely appealed.

## II. STANDARDS OF REVIEW

We review a district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) *de novo*, "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1303 (11th Cir. 2008) (internal quotation marks omitted). We also review grants of summary judgment *de novo*, "apply[ing] the same legal standards as the district court." *Custom Mfg. and Eng'g, Inc. v. Midway Servs., Inc.*, 508 F.3d 641, 646 (11th Cir. 2007). Finally, "[w]e may affirm the district court's judgment on any ground that appears in the record, whether or not that ground was relied upon or even considered by the court below." *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007).

## III. DISCUSSION

### A.    *Mosby's Title VII and ADA Claims*

Mosby first argues that the district court erred by granting summary judgment to the City on her various Title VII and ADA claims based on the failure to submit a verified charge of discrimination. Because the City raised the issue of verification in a pre-answer motion to dismiss and the parties agree that Mosby's charge was never verified or properly amended, we disagree.

Employees alleging violations of Title VII or the ADA must, before bringing suit in federal court, submit a charge of dis-

crimination to the Commission. 42 U.S.C. § 2000e-5(f). Such charges "shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires." *Id.* § 2000e-5(b). The Commission's regulations mandate that a charge "shall be verified," meaning that it must be "sworn to or affirmed before a notary public, designated representative of the Commission, or other person duly authorized by law to administer oaths and take acknowledgements, or supported by an unsworn declaration in writing under penalty of perjury." 29 C.F.R. §§ 1601.3(a), 1601.9.

An employee who files an unverified charge may cure the lack of verification through an amendment, which will then "relate back" to the initial filing of the charge. 29 C.F.R. § 1601.12(b); *see Edelman v. Lynchburg College*, 535 U.S. 106 (2002). The employee's window to amend ceases when the time for the employer to respond to the charge elapses. *Edelman*, 535 U.S. at 113. Thus, a charge neither filed under oath or affirmation nor subsequently cured by amendment fails to satisfy the statutory requirement that an employee submit his or her charge to the Commission. *Vason v. City of Montgomery*, 240 F.3d 905, 907 (11th Cir. 2001). Accordingly, we have affirmed summary judgment in favor of Title VII defendants when an employee files a lawsuit based on an unverified charge. *Id.*

The Supreme Court has held that an employer may forfeit the issue of an employee's failure to properly submit his or her charge to the Commission by failing to timely raise the issue in

follow-on litigation. In *Fort Bend County v. Davis*, the Court held that a charge's lack of verification does not strip the federal courts of jurisdiction to consider a follow-on federal lawsuit. *Fort Bend Cnty. v. Davis*, 587 U.S. ___, 139 S. Ct. 1843, 1852 (2019). Unlike a jurisdictional issue, the Court reasoned that the lack of verification can be waived or forfeited by the parties. Accordingly, the Court held that an employer forfeited the issue of verification when the employer failed to raise it until approximately four years into the litigation after "an entire round of appeals all the way to the Supreme Court." *See id.* at 1847–48, 1852.

Mosby argues that her failure to file a verified charge should be excused under *Fort Bend County*, but we disagree. In *Fort Bend County*, the Supreme Court held that the issue was waived when the employee filed a charge without counsel and the employer waited four years and "an entire round of appeals all the way to the Supreme Court" to first raise the issue of verification in the litigation. *Fort Bend Cnty.*, 139 S. Ct. at 1847–48, 1852. Mosby, by contrast, was represented by counsel when she filed her charge. And the City raised the verification issue in a pre-answer motion to dismiss rather than after an exhaustive series of appeals. None of our precedents nor the Supreme Court's holding in *Fort Bend County* suggest that the City waived Mosby's failure to verify her charge. Because Mosby did not properly submit her charge of discrimination to the Commission, the district court correctly granted summary judgment on her Title VII and ADA claims.

### B.    *Mosby's Due Process Claim*

Mosby's next argument—that the district court erred by dismissing her procedural due process claims under the United States and Georgia constitutions—fares no better.

The district court dismissed Mosby's complaint because she failed to allege that she had a protected property interest in her employment. A complaint fails to state a claim when it does not include "enough factual matter" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions." *Id.* at 555 (cleaned up). "Naked assertions devoid of further factual enhancement" will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). The complaint must contain enough facts to make a claim for relief plausible on its face, that is, it must "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (cleaned up). Notably, when a more carefully drafted complaint might have resolved a pleading deficiency, "[a] district court is not required to grant a plaintiff leave to amend [her] complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002).

To sufficiently allege a procedural due process claim, Mosby must allege that she had a property interest and that the City deprived her of that interest. *See Ross v. Clayton Cnty.*, 173 F.3d 1305, 1307 (11th Cir. 1999). Whether an employee has a property interest in continued employment is a question of substantive state law. *Adams v. Bainbridge-Decatur Cnty. Hosp. Auth.*, 888 F.2d 1356, 1363 (11th Cir. 1989) (quoting *Nicholson v. Gant,* 816 F.2d 591, 597 (11th Cir. 1987). We have held that "in Georgia, an at-will employee typically does not have a reasonable expectation of continued employment sufficient to form a protectable property interest." *Wofford v. Glynn Brunswick Mem'l Hosp.*, 864 F.2d 117, 119 (11th Cir. 1989); O.C.G.A. § 34-7-1 ("An indefinite hiring may be terminated at will by either party."); *see also Wilson v. City of Sardis*, 590 S.E.2d 383, 385 (Ga. Ct. App. 2003) (holding that "'at will' employees have no legitimate claim of entitlement to continued employment and, thus, no property interest protected by the due process clause"). Public employees, however, have a property interest in continued employment under a civil service system if they are terminable only for cause based on "[a]n explicit contractual provision, rules, or common understandings." *De-Clue v. City of Clayton,* 540 S.E.2d 675, 677 (Ga. Ct. App. 2000); *see also Brett v. Jefferson Cnty.*, 123 F.3d 1429, 1433–34 (11th Cir. 1997).

As an initial matter, Mosby has abandoned any challenge to the district court's dismissal based on one issue. Mosby's reply brief raises, for the first time in this appeal, an argument that the

district court improperly considered matters outside the pleadings in deciding the City's motion to dismiss. In reviewing a district court's dismissal under Rule 12(b)(6), issues not raised in a party's initial brief are considered abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008); *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681–83 (11th Cir. 2014). Thus, by not raising the issue in her initial briefing, Mosby has abandoned it.

As to the merits of the district court's decision, we conclude that it properly held that Mosby had not pleaded sufficient facts to establish a property interest in her continued employment with the City as fire chief. Mosby cites the City's "long-standing personnel policy" as the root of her property interest in continued employment. But the personnel policies cited in Mosby's pleadings placed her under the authority of the City Administrator and made her position terminable at will. Specifically, Section 8.1(K) of the City's personnel policy, as effective on the date of Mosby's firing and pursuant to the City's 2018 amended Charter, expressly provided that "all appointive officers and director shall be employees at-will and subject to removal or suspension at any time by the appointing authority unless otherwise provided by law or ordinance." Similarly, other sections of the Charter, as amended in 2018, provided that "[a]ll appointive officers and directors shall be employees at-will and subject to removal or suspension at any time by the city administrator unless otherwise provided by law or ordinance." Because she was an at-will employee, Mosby had

no property interest in continued employment under Georgia law. *DeClue*, 540 S.E.2d at 677.

Mosby argues that, despite the express language of the personnel policies, other allegations support her position that she had a property interest in continued employment. We disagree. Although Mosby was designated as a non-probationary employee, the rules specifically provided that her position was at-will. No more successful is Mosby's reliance on the City's disciplinary policy, which expressly declined to deprive a supervisor of the ability to "immediately terminate an employee for any one of the reasons listed in this policy." Mosby's reliance on outdated policies and regulations that she admits were changed months before she was fired is also unavailing. Because Mosby did not adequately plead a property interest in her continued employment with the City and failed to seek leave to amend her deficient pleadings, the district court did not err by dismissing her due process claims. *Wagner*, 314 F.3d at 542.

## C.    Mosby's Defamation Claim

Mosby's final argument—that the district court improperly dismissed her defamation claim under Georgia law—also fails. In Georgia, a defamation plaintiff must allege facts showing: "(1) a false and defamatory statement about [oneself]; (2) an unprivileged communication to a third party; (3) fault by the defendant amounting to at least negligence; and (4) special damages or defamatory words that are injurious on their face." *Lewis v. Mere-*

*dith Corp.*, 667 S.E.2d 716, 718 (Ga. Ct. App. 2008) (internal quotation marks omitted). When the plaintiff in a defamation action is a public figure, he or she must also prove actual malice. *New York Times Co. v. Sullivan*, 376 U.S. 254, 279–80 (1964); *Williams v. Tr. Co.*, 230 S.E.2d 45, 52 (Ga. Ct. App. 1976).

Mosby argues that she adequately pleaded actual malice, a required element of her claim. We conclude that she did not. Count VII of Mosby's complaint merely recited the bare elements of libel and slander under Georgia law, mimicking the statutory language in exactly the type of "the-defendant-unlawfully-harmed-me accusation" that the Supreme Court disapproved of in *Iqbal*. 556 U.S. at 678. Nothing on the face of Count VII plausibly alleged that the City made any false statements with actual malice. And although Count VII incorporates the complaint's factual allegations, those allegations mention statements only in the context of the City's nondiscriminatory explanations for terminating Mosby and, likewise, do not allege actual malice. The complaint even admitted that one alleged false statement might have been "based on inaccurate information," instead of knowingly false. Mosby has not alleged sufficient facts to allow a reasonable inference that the City is liable for defamation. *Id.* at 678.

Finally, Mosby never filed a motion or requested leave to amend after being alerted to her pleading deficiencies by the City's motion to dismiss. The district court was not required to cure Mosby's deficient pleadings where Mosby herself chose not

12                    Opinion of the Court                    21-10377

to. *See Wagner*, 314 F.3d at 542. Thus, the district court did not err by dismissing Mosby's state law defamation claim.

### IV. Conclusion

For the foregoing reasons, the district court's summary judgment on Mosby's Title VII and ADA claims and its dismissal of her due process and defamation claims are **AFFIRMED.**