S95A1973. MERROW v. HAWKINS et al.
S95A1974. MERROW v. DAVIS et al.
(467 SE2d 336)

THOMPSON, Justice.

We granted an interlocutory appeal in this case of first impression to construe the meaning of the term "actual malice" as it is used

---

[5] See *Crowe v. State,* 265 Ga. 582, 587 (458 SE2d 799) (1995).

in the context of official immunity.[1] We hold that in that context, "actual malice" requires a deliberate intention to do wrong.

On June 15, 1991, Merrow, a jailer with the Camden County Sheriff's Department, gave Graham, an inmate and trusty at the Camden County Public Safety Complex, the keys to his car and asked Graham to wash it.[2] Graham stole the car and escaped from the complex. Thereafter, Graham was involved in a collision with an automobile driven by Hawkins and occupied by Davis.

Hawkins and Davis sued Merrow and others, seeking damages for negligent entrustment. Following discovery, Merrow moved for summary judgment, asserting he was entitled to official immunity because he had not acted with "actual malice or with actual intent to cause injury in the performance of [his] official functions." Art. I, Sec. II, Par. IX, of the Constitution of the State of Georgia. The trial court observed that Merrow did not act with ill will or actual intent to cause injury. However, relying on *Sparks v. Thurmond*, 171 Ga. App. 138, 140 (319 SE2d 46) (1984), a slander case in which "actual malice" was equated with reckless conduct, the trial court interpreted the words "actual malice" to include a "reckless disregard for the safety of others." Based on that interpretation, the trial court denied summary judgment to Merrow. We reverse.

1. The parties agree that Merrow was exercising a discretionary power when he gave the car keys to Graham.[3] Thus, Merrow is entitled to official immunity unless he acted with "actual malice," as that term is used in the 1991 amendment to Art. I, Sec. II, Par. IX, of the Constitution of the State of Georgia.

2. The 1991 amendment to Art. I, Sec. II, Par. IX, of the Constitution of the State of Georgia reads, in part:

(d) Except as specifically provided by the General Assembly in a State Tort Claims Act, all officers and employees of the state or its departments and agencies may be subject to suit and may be liable for injuries and damages caused by the negligent performance of, or negligent failure to perform, their ministerial functions and may be liable for injuries and damages if they act with *actual malice* or with actual intent to cause injury in the performance of their official functions.

---

[1] See the 1991 amendment to Art. I, Sec. II, Par. IX, of the Constitution of the State of Georgia.

[2] If an inmate was deemed trustworthy, he was permitted to perform such tasks for compensation.

[3] Compare *Mathis v. Nelson*, 79 Ga. App. 639 (54 SE2d 710) (1949), with *Price v. Owen*, 67 Ga. App. 58 (19 SE2d 529) (1942). See also *Nelson v. Spalding County*, 249 Ga. 334, 336 (290 SE2d 915) (1982) (whether acts of public official are discretionary or ministerial depends upon facts of particular case).

(Emphasis supplied.)

While we recognize that our courts have defined "malice" as involving reckless disregard for the rights of others, see, e.g., *Partain v. Maddox*, 131 Ga. App. 778, 781 (1) (206 SE2d 618) (1974), it is "actual malice," not mere "malice," that is addressed in the 1991 amendment to Art. I, Sec. II, Par. IX. We find the term "actual malice," as set forth in the 1991 amendment, to denote "express malice or malice in fact." Black's Law Dictionary, 6th ed. (1990). Express or actual malice, although not a term typically used in the context of civil litigation, see, e.g., OCGA § 51-7-2, is found in criminal law and has long been distinguished from "implied malice," a term which has been defined to mean conduct exhibiting a "reckless disregard for human life." See OCGA § 16-5-1; *Bishop v. State*, 257 Ga. 136, 138 (356 SE2d 503) (1987); *Flynn v. State*, 255 Ga. 415 (2) (c) (339 SE2d 259) (1986).

Given that in interpreting the 1991 amendment this Court cannot, under well-established rules of constitutional construction, render superfluous the drafters' use of the modifier "actual," and given the long-recognized distinction between actual or express malice and implied malice, we conclude that the drafters intended the 1991 amendment to exclude any liability for injuries and damages if officers and employees act with implied malice in the performance of their official functions.

Hawkins and Davis cite *Logue v. Wright*, 260 Ga. 206 (1) (392 SE2d 235) (1990), for the proposition that "immunity is for negligent acts, not for malicious acts, acts of corruption, wilful acts, or acts involving reckless disregard for the safety of others." That proposition, once "good law," cannot withstand scrutiny in light of the 1991 amendment to Art. I, Sec. II, Par. IX of our state Constitution.[4] *Sparks v. Thurmond*, 171 Ga. App. 138, 140, supra, cited by the trial court, is equally inapplicable. *Sparks* relied upon the first amendment definition of "actual malice" set forth in *New York Times Co. v. Sullivan*, 376 U. S. 254 (84 SC 710, 11 LE2d 686) (1964). That definition, which is unique to constitutional libel law, is inapposite here. See *Postill v. Booth Newspapers*, 325 NW2d 511, 516 (118 Mich. App. 608) (1982) (in context of defamation action, "actual malice" is a term with "constitutional implications and varies from common-law malice"). See also Black's Law Dictionary, 6th ed. (1990), which recognizes that, in libel law, "actual malice" carries a different meaning.

3. The record is devoid of any evidence demonstrating that Merrow acted with actual malice. It follows that the trial court erred in

---

[4] Previously, our Constitution did not address the concept of official immunity, which had developed primarily through case law. See *Gilbert v. Richardson*, 264 Ga. 744, 752 (452 SE2d 476) (1994).

failing to grant his motion for summary judgment.
*Judgment reversed. All the Justices concur.*

DECIDED MARCH 11, 1996.

*Whelchel, Brown, Readdick & Bumgartner, Terry L. Readdick, Richard K. Strickland,* for appellant.
*J. Robert Morgan,* for appellees.