## S99G0493. ADAMS v. HAZELWOOD.
### (520 SE2d 896)

HUNSTEIN, Justice.

In 1995, Thomas Hazelwood, a high school student, participated in a "senior prank" that involved breaking into and burning a portion of the Coosa High School football field. Hazelwood later admitted his involvement and agreed to punishment of in-school suspension and work detail in lieu of the filing of criminal charges. When Hazelwood reported to Coach Steve Adams for work detail, he was given a pair of scissors and told to cut weeds growing beneath the stadium bleachers. Hazelwood did not complain of any pain that day but reported for work detail the next day with his wrist in a brace, complaining that the previous day's work had injured him. Hazelwood was not assigned to further work detail that could cause injury to his wrist. Subsequently, Hazelwood filed a complaint for damages for intentional and negligent conduct against Adams. Adams moved for summary judgment on the ground that he was entitled to official immunity because he did not act with actual malice. The trial court found no evidence that Adams' actions rose to the level of actual malice and granted summary judgment in favor of Adams. The Court of Appeals reversed, finding a factual dispute as to whether Adams acted with actual malice because there was some evidence from which a jury could find that Adams acted with ill will. *Hazelwood v. Adams*, 235 Ga. App. 607 (510 SE2d 147) (1998). We granted Adams' petition for certiorari to determine whether the Court of Appeals properly equated ill will with actual malice in the context of official immunity. Because ill will alone is insufficient to establish actual malice, we reverse.

1. The 1991 amendment to the Georgia Constitution provides that State officers and employees "may be liable for injuries and damages if they act with actual malice or with actual intent to cause injury in the performance of their official functions." Ga. Const. of 1983, Art. I, Sec. II, Par. IX (d). Hazelwood did not allege that Adams acted with actual intent to cause injury. Thus, Adams is entitled to the protection of official immunity unless Hazelwood presented evidence that Adams acted with actual malice. See id.

2. In reversing the trial court's grant of summary judgment to Adams, the Court of Appeals interpreted actual malice to require nothing more than a showing of ill will. *Hazelwood*, supra at (2) (b). This definition of actual malice is contrary to the holding of this Court in *Merrow v. Hawkins*, 266 Ga. 390 (467 SE2d 336) (1996). In *Merrow*, we held that in the context of official immunity, " 'actual malice' requires a deliberate intention to do wrong," id. at 391, and

denotes " 'express malice or malice in fact.' [Cit.]" Id. at 392.[1] This definition is consistent with express malice which, in criminal law, is similarly defined as a deliberate intention to do an unlawful act.[2] *Parker v. State*, 270 Ga. 256, 259-260 (507 SE2d 744) (1998); see also Ballentine's Law Dictionary, 3d ed. (1969) (express malice is a "deliberate or premeditated design to inflict injury or take life"). We reject the position that proof of "ill will" is itself enough to establish actual malice under Art. I, Sec. II, Par. IX (d). Actual malice requires more than harboring bad feelings about another. While ill will may be an element of actual malice in many factual situations, its presence alone cannot pierce official immunity; rather, ill will must also be combined with the intent to do something wrongful or illegal. To hold otherwise would mean that any plaintiff who suffers damages as the result of an act of a public officer or employee can pierce that State defendant's official immunity solely on the basis of the defendant's rancorous personal feelings towards the plaintiff, even though the defendant's actions in regard to the disliked plaintiff may have been completely lawful and legally justified. Equating actual malice with ill will would lead to this absurd result, contrary to well-established rules of constitutional construction. E.g., *Hollowell v. Jove*, 247 Ga. 678, 681 (279 SE2d 430) (1981); see also *Hall v. Regal Ins. Co.*, 202 Ga. App. 511, 513 (1) (414 SE2d 669) (1991) ("[i]n statutory construction we strive to avoid absurdity"). The *Merrow* definition of actual malice as "a deliberate intention to do wrong" eliminates this absurd consequence by recognizing that the subjective mental state of a public officer or employee is irrelevant unless that mental state prompts the public officer or employee to intend a legally unjustifiable action. Accordingly, we reject the standard set forth by the Court of Appeals in this case and reiterate our holding in *Merrow*: in the context of official immunity, actual malice means a deliberate intention to do a wrongful act. *Merrow*, supra at 391. Such act may be accomplished with or without ill will and whether or not injury was intended.

3. The Court of Appeals found evidence in the record from which a jury could find that Adams acted with ill will by devising a punishment which was demeaning and had the potential to cause harm.

---

[1] The legal term "actual malice" is also found in libel or defamation cases when statements are made. " 'with knowledge that they were false or with reckless disregard for their truth or falsity.' " *Gardner v. Boatright*, 216 Ga. App. 755 (455 SE2d 847) (1995). This standard is inapplicable to official immunity cases, however, due to the constitutional implications of a party's First Amendment rights. *Merrow*, supra at 392.

[2] The *Merrow* definition of actual malice is also consistent with cases from other jurisdictions. See, e.g., *Anderson v. City of Pocatello*, 112 Idaho 176, 188 (731 P2d 171) (1986) (actual malice is "the intentional commission of a wrongful or unlawful act . . . ."); see also *Shoemaker v. Smith*, 353 Md. 143, 163 (725 A2d 549) (1999) (actual malice required to defeat official immunity requires "an act . . .").

*Hazelwood,* supra at 611. Hazelwood admits in his deposition testimony, however, that while Adams devised the punishment to teach him a lesson, Adams would not have known that Hazelwood would be injured by the punishment. Thus, even assuming Adams harbored ill will towards Hazelwood, we find no evidence that Adams acted with a deliberate intent to commit a wrongful act or with a deliberate intent to harm Hazelwood. In the absence of evidence that Adams acted with actual malice, summary judgment was properly entered in his favor.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 13, 1999.

*Misner, Scott & Grate, Steven J. Misner, Donald J. Grate, Allison M. Burns,* for appellant.

*Mundy & Gammage, John S. Husser,* for appellee.