A04A2222. DELONG v. DOMENICI.
(610 SE2d 695)

SMITH, Presiding Judge.

We granted E. H. Delong's application for interlocutory appeal from the trial court's denial of his motion for summary judgment in the action filed against him by Michael Domenici. On appeal, Delong contends that his defense of official immunity was meritorious and that he was entitled to summary judgment. We agree and therefore reverse.

Domenici filed his complaint against Delong, a Cobb County police officer, alleging that on September 1, 2000, he was unlawfully arrested by Delong in Paulding County. He also alleged that Delong committed assault and battery during the arrest. Both claims arose from an incident in which Domenici drove his vehicle into a subdivision where he once lived, apparently to visit with former neighbors, at approximately 10:00 p.m. on the evening in question. Delong lived with his wife across the street from Domenici's former neighbors. He was outside, preparing to go to work; he was dressed in full uniform, which included an equipment belt holding pepper spray, his baton, and his service revolver. He observed Domenici's car, which was unfamiliar to him, parked in a neighbor's driveway. Delong then saw Domenici return to his car and back out of the driveway with great difficulty, weaving back and forth. Domenici drove on the grass and spun and screeched the tires. Delong saw "a large blue cloud of tire smoke" and became suspicious.

Domenici then drove erratically down the street, narrowly missing a mailbox, and entered a second neighbor's driveway, causing sensor lights to illuminate. After parking his car at the bottom of the driveway, Domenici walked to the back of that house. Delong followed him because the erratic driving led him to suspect that the driver was intoxicated. Domenici was walking around to the front of the house when Delong approached him and asked why he was there. Domenici answered unintelligibly with slurred speech. Delong "noticed that Domenici was staggering and that his eyes were red and bloodshot and watery in appearance," and that he had an "extremely strong odor of alcoholic beverage about his breath and about his person."

After identifying himself as a police officer, Delong instructed Domenici to wait for Paulding County deputies. When Delong told Domenici to "turn around and put his hands back behind his back," Domenici resisted and attempted to enter his car. At that point, Delong observed an open, mostly consumed gallon jug of wine inside the car. He handcuffed Domenici and held him against the car for Delong's own protection, but Domenici became "even more combative." In resisting, Domenici fell to the ground prone, and Delong "straddled him." Domenici was attempting to turn around and bite

Delong when the homeowner arrived, at which point Domenici "started to become even more combative and loud." Although Domenici was heavier and taller than Delong, Delong did not use any of the equipment on his belt to subdue him, applying instead what Delong described as "the bare minimum force necessary to keep Domenici from trying to bite [him] and to stop Domenici from grabbing" his hands.

When Paulding County deputies arrived, they took Domenici into custody, executing a "handcuff exchange." Domenici continued to struggle, pushing a deputy to the ground, and the deputies placed him in a patrol car with great difficulty only after using pepper spray. Because Domenici was "so combative," the deputies did not risk doing field sobriety tests. He was charged with public drunkenness and misdemeanor obstruction of an officer. These charges remain pending against Domenici in Paulding County.

1. In his first two enumerations of error, Delong contends that the trial court erred in finding that genuine issues of material fact remain. He argues that because he is a county employee who performed a discretionary act in the scope of his duties without malice, he has official immunity from suit, and other issues of fact are irrelevant. We agree.

"The doctrine of official immunity, developed primarily in Georgia through case law, provides that while a public officer or employee may be personally liable for his negligent ministerial acts, he may not be held liable for his discretionary acts unless such acts are wilful, wanton, or outside the scope of his authority. [Cits.]" *Gilbert v. Richardson*, 264 Ga. 744, 752 (6) (452 SE2d 476) (1994). Our courts have held that the responses of law enforcement agencies to emergencies are discretionary acts. Id. at 753 (6).[1]

Although Delong was neither in Cobb County nor on duty, as a law enforcement officer he had "a full-time duty to maintain the peace. [Cit.]" *Animashaun v. State*, 207 Ga. App. 156, 158 (1) (427 SE2d 532) (1993). And under OCGA § 17-4-20, law enforcement officers may make warrantless arrests when offenses are committed in their presence. Although OCGA § 17-4-23 authorizes an officer to simply issue a citation charging traffic offenses, the officer is not required to do so. " 'OCGA § 17-4-23 (a) gives a police officer the option to issue a citation but does not restrict the power given to police in OCGA § 17-4-20 to make custodial arrests for crimes committed in their presence.' [Cit.]" *Polk v. State*, 200 Ga. App. 17, 18 (406 SE2d 548) (1991). This authority extends outside the officer's jurisdiction.

---

[1] We have also held specifically that the decision to seek an arrest warrant is a discretionary act. *Anderson v. Cobb*, 258 Ga. App. 159, 160 (2) (573 SE2d 417) (2002).

*Wells v. State*, 206 Ga. App. 513, 515 (1) (426 SE2d 231) (1992). Applying these broad principles to the facts of this case, it is clear that Delong, a Cobb County police officer, was performing a discretionary act in the lawful performance of his duties.

In 1991, official immunity was included in an amendment to the Georgia Constitution, which provides that "State officers and employees may be liable for injuries and damages if they act with actual malice or with actual intent to cause injury in the performance of their official functions." (Citation and punctuation omitted.) *Adams v. Hazelwood*, 271 Ga. 414 (1) (520 SE2d 896) (1999). See Ga. Const. of 1983, Art. I, Sec. II, Par. IX (d).

We must therefore decide whether Delong acted with actual malice or actual intent to injure. If he did not, he is entitled to official immunity. "[A]ctual malice requires a deliberate intention to do wrong," as distinguished from implied malice. (Punctuation omitted.) *Merrow v. Hawkins*, 266 Ga. 390, 391-392 (1), (2) (467 SE2d 336) (1996). But ill will alone is insufficient to show actual malice. "While ill will may be an element of actual malice in many factual situations, its presence alone cannot pierce official immunity; rather, ill will must also be combined with the intent to do something wrongful or illegal." *Adams*, supra, 271 Ga. at 415 (2). The public officer or employee's subjective feeling or mental state is irrelevant unless it prompts him or her to intend to do a "legally unjustifiable action." Id. We therefore must examine the record to determine whether Delong's action was "legally unjustifiable."

All that is required for a lawful warrantless arrest is probable cause. To determine whether probable cause existed, we look at the facts within the officer's knowledge at the moment of arrest. "The constitutional validity of an arrest without a warrant depends upon whether the arresting officer had probable cause to believe the defendant was committing, or had committed, an offense in the officer's presence." (Citation and punctuation omitted.) *Barnett v. State*, 204 Ga. App. 491, 493 (1) (a) (420 SE2d 43) (1992). Even if it were later determined that Domenici had not exceeded the state's blood alcohol limit, the legitimacy of Delong's actions would not be negated if at the moment of arrest Delong reasonably believed that Domenici had committed the crime of DUI. Id. at 492-493 (1) (a).

Although Domenici disputes Delong's testimony regarding his suspicious behavior, he admitted he had been drinking. The record also demonstrates clearly that Delong believed that Domenici was driving while intoxicated. Delong testified that he observed erratic driving behavior, and that when he approached Domenici he smelled a strong odor of alcohol, observed Domenici's bloodshot and glassy eyes, noticed that he staggered, and heard his slurred speech. Further, he observed a large bottle of wine in Domenici's car that had

been opened and its contents largely consumed. Under these circumstances, the belief that Domenici had been driving drunk was certainly reasonable and the arrest was legally justifiable.

The final step in our analysis is determining whether Delong's behavior during the lawful arrest exhibited actual malice toward or actual intention to injure Domenici. "The right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." (Citation, punctuation and footnote omitted.) *Tittle v. Corso*, 256 Ga. App. 859, 863 (1) (569 SE2d 873) (2002). Domenici acknowledged on his deposition that Delong was attempting to control him and that he was struggling against the officer. Domenici admitted that he struggled, argued, and resisted Delong[2] because he felt that the officer "had no right putting cuffs on me."

Delong had at his disposal his spray, his baton, and his gun. He stated in his affidavit that he threatened to spray Domenici if he did not calm down but did not do so, nor did Delong use either his gun or has baton to subdue a struggling Domenici. Instead, Delong used only the minimum force necessary to restrain Domenici while awaiting the arrival of the Paulding County deputies. Given this evidence, Domenici has failed to show that Delong acted with actual malice or intent to injure, and he is entitled to official immunity.

2. Because official immunity is immunity *from suit*, Delong need not stand trial, and we need not consider Domenici's remaining enumerations of error. The trial court should have granted summary judgment in Delong's favor.

*Judgment reversed. Johnson, P. J., and Phipps, J., concur.*

DECIDED FEBRUARY 23, 2005.

*Hugh W. Rowling, Jr., Deborah L. Dance*, for appellant.
*J. Alfred Johnson, Shondra J. Pruitt*, for appellee.

---

[2] Domenici also admitted struggling against the Paulding County officers and that he did not allow himself to be placed in the back of the patrol car until those deputies used pepper spray.