[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-11878
Non-Argument Calendar

_____

D.C. Docket No. 3:13-cv-00079-TCB

HARRY L. MCCALL,

Plaintiff-Appellant,

versus

FRISKY WHISKY,
a Georgia Business,
TWYLA LATOYA JACKSON,
is an Employee of Frisky Whisky,
ELIZABETH ANN ALANIZ, MARK CAVENDAR,
 in his official and individual capacities as a Police
Official for the City of LaGrange, Georgia Police Department,

Defendants-Appellees,

THE CITY OF LAGRANGE, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 17, 2014)

Before MARCUS, WILLIAM PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Harry L. McCall, proceeding pro se, appeals the district court's grant of summary judgment to the defendants on his complaint raising state law claims of malicious prosecution, assault, and battery, as well as claims of false arrest and false imprisonment in violation of 42 U.S.C. § 1983.    He argues that: (1) the district court erroneously granted summary judgment to Frisky Whisky, Twyla Jackson, and Elizabeth Alaniz because Jackson and Alaniz lacked probable cause to believe he committed theft when they reported a theft to the police; and (2) the district court erroneously granted summary judgment to Mark Cavender on the basis of qualified immunity and official immunity because Officer Cavender used excessive force while arresting him and did not identify himself as an officer. After thorough review, we affirm.[1]

We review a grant of summary judgment de novo, applying the same legal standard the district court used, and viewing all evidence and reasonable inferences from that evidence in the light most favorable to the non-movant.    Burton v. Tampa Hous. Auth., 271 F.3d 1274, 1276-77 (11th Cir. 2001).  We read pro se briefs liberally, but issues not briefed by a pro se appellant are deemed abandoned. Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).  If an appellant fails to challenge one of the multiple grounds on which a district court based its judgment,

---

[1]    In addition, Appellant's motion to amend his reply brief is GRANTED.

he has abandoned any challenge to that ground, and the judgment will be affirmed. Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 680 (11th Cir. 2014).

Summary judgment is appropriate when the movant shows that there is no genuine dispute of material fact and that he is entitled to judgment as a matter of law. McCullough v. Antolini, 559 F.3d 1201, 1204 (11th Cir. 2009). To overcome a motion for summary judgment, the non-movant must show facts in dispute raising a genuine issue of fact material to the underlying legal issue. Id. at 1205. The existence of some factual dispute does not prevent summary judgment. Id. When the non-movant does not respond to the statement of undisputed fact in accordance with local rules, the district court may disregard the non-movant's evidence. Reese v. Herbert, 527 F.3d 1253, 1268 (11th Cir. 2008).

First, we are unpersuaded by McCall's claim that the district court erroneously granted summary judgment to Frisky Whisky, Jackson, and Alaniz. In Georgia, a plaintiff who claims malicious prosecution must show: (1) prosecution for a criminal offense; (2) instigated without probable cause; (3) with malice; (4) under a valid warrant, accusation, or summons; (5) which has terminated favorably to the plaintiff; and (6) has caused damage to the plaintiff. Kelly v. Serna, 87 F.3d 1235, 1240-41 (11th Cir. 1996). Probable cause for the prosecution is shown if the facts at the time the prosecution was initiated would lead a person of ordinary caution to entertain a belief that the accused was guilty of the charged offense.

Wal-Mart Stores, Inc. v. Blackford, 449 S.E.2d 293, 294 (Ga. 1994). The essential question is whether the defendant had reasonable cause to believe that the plaintiff was guilty of the alleged offense. McKissick v. Aydelott, 705 S.E.2d 897, 902 (Ga. Ct. App. 2011). Because the plaintiff must show that the defendant could have had no reasonable ground to initiate prosecution, the plaintiff's claim of malicious prosecution fails if some circumstances point to the plaintiff's guilt. Kelly, 87 F.3d at 1241.

After resolving all issues of material fact in McCall's favor, the district court did not err by granting summary judgment to Frisky Whisky, Jackson, and Alaniz. It is undisputed that Jackson believed that McCall did not tender enough money to purchase his lottery tickets. McCall argues that Jackson may have taken the missing money and not admitted the theft to Alaniz or the police, but he provides no evidence to this effect. It is also undisputed that Alaniz knew that McCall was accused of not paying for the tickets and that he left the store with the tickets when she called the police. On this record, she had reasonable cause to believe that McCall was guilty of theft, and thus, had probable cause when she initiated the prosecution. As a result, the district court did not err in concluding that McCall failed to prove an element of malicious prosecution and in granting summary judgment to these defendants.

4

We are also unconvinced by McCall's argument that the district court erroneously granted summary judgment to Officer Cavender. In Georgia, state employees are entitled to official immunity from suit for their discretionary acts unless they act with actual malice. Hoyt v. Cooks, 672 F.3d 972, 981 (11th Cir. 2012). Actual malice requires a deliberate intention to do wrong, and it does not include reckless disregard for the rights or safety of others. Id. Georgia law enforcement officers act within their discretionary powers when performing off-duty arrests and are entitled to official immunity for such arrests. See Delong v. Domenici, 610 S.E.2d 695, 698 (Ga. Ct. App. 2005).

For starters, although McCall claims that the district court erroneously granted Officer Cavender qualified immunity, he does not argue that it erroneously concluded that Cavender had probable cause to arrest him. As the record shows, the district court concluded that Cavender was entitled to summary judgment for McCall's false arrest and false imprisonment claims because Cavender had probable cause to arrest McCall. But McCall has not even disputed the finding of probable cause. Therefore, we affirm its grant of summary judgment on those claims. Sapuppo, 739 F.3d at 680.[2]

---

[2]     Moreover, McCall raised his excessive force claim for the first time in his response to Cavender's motion for summary judgment. Accordingly, the district court did not err by not considering this claim, since a plaintiff is not permitted to amend his complaint through an argument in a brief opposing summary judgment. Gilmour v. Gates, McDonald & Co., 382 F.3d 1312, 1315 (11th Cir. 2004).

As for the remaining claims of state law assault and battery, because Officer Cavender acted within his discretionary powers when arresting McCall, McCall must show that he acted with actual malice to overcome official immunity. However, McCall presents no evidence that Cavender acted with malice when arresting him. Therefore, the district court did not err by granting Cavender official immunity for McCall's claims of assault and battery.

**AFFIRMED**.