**FORTH DIVISION**
**BARNES, P. J.**
**RAY and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 15, 2016**

# In the Court of Appeals of Georgia

A15A2327. JASON HART, et al. v. UNDRAY SIRMANS.

RICKMAN, Judge.

Undray Sirmans filed suit against law enforcement officers Capers Green and Jason Hart, in their individual capacities, alleging claims of malicious prosecution, false arrest, unreasonable force, and giving false information.[1] Green and Hart appeal the trial court's denial of summary judgement as to their defense of official immunity and as to all of Sirmans' claims. Because we conclude that Officers Green and Hart were entitled to official immunity from suit, we reverse.

To prevail at summary judgment, the moving party must demonstrate that there is no genuine issue of material fact and that the evidence and

---

[1] "Giving false information" is not a tort recognized under Georgia law and Sirmans' withdrew the claim on appeal. Nonetheless, the trial court denied summary judgment as to all claims.

all reasonable inferences and conclusions drawn therefrom, viewed in
the nonmovant's favor, warrant judgment as a matter of law. We review
de novo the trial court's ruling on a motion for summary judgment.

(Footnote omitted.) *Marshall v. Browning*, 310 Ga. App. 64-65 (712 SE2d 71)
(2011).

So viewed, the evidence showed that on the morning in question, Sirmans was copying pirated music and movies in order to sell them at the barbershop. In the afternoon, Green, a Special Agent with the Henry County Police Department's Narcotics Unit, received information from a confidential informant that a black male known as "Dre," approximately six feet and two inches tall, would be transporting marijuana and pills on a bicycle in the area of Willow Lane in McDonough, Georgia. The confidential informant told Special Agent Green that "Dre" had a criminal history and could be violent.[2]

Special Agent Green informed Hart, an officer with the same police department, of the information that the confidential informant provided and asked for his assistance in locating the suspect. Shortly after speaking with Special Agent

---

[2] Sirmans had previously pled guilty to second degree murder in Florida.

Green, Officer Hart observed Sirmans, a black male, matching the physical description given by the confidential informant, riding a bicycle near Willow Lane. Officer Hart approached Sirmans and asked him if he knew anything about cars being broken into at Walmart and Sirmans, by his own admission, "became very irate." Sirmans responded, "get the hell out of here, you crazy." At some point, Sirmans claims that Officer Hart used a racial epithet towards him.[3]

Officer Hart directed Sirmans to put his hands on the patrol car and asked him for identification. Sirmans initially put his hands on the car but, by his own admission, began "talking with his hands" and pulled his hands off of the hood of the patrol car. Another officer[4] arrived and he, along with Officer Hart, took Sirmans to the ground after he refused to comply with their instructions to keep his hands on the car. Sirmans' cell phone and sunglasses fell to the ground.

After Officer Hart placed Sirmans in custody, he surveyed the scene and observed a pair of sunglasses, a cell phone, and a paper bag on the ground. The paper

---

[3] Sirmans's testimony is in conflict as to when the epithet was said. We need not resolve the issue as to when the epithet was used because it is not pertinent to our holding.

[4] The third officer is not part of this suit.

3

bag contained two plastic bags with marijuana and prescription pills wrapped in foil.[5]

These drugs were consistent with the informant's description of the drugs that "Dre" would be transporting.

Sirmans was placed under arrest for violating the Georgia Controlled Substances Act.[6] He admitted that the sunglasses and cell phone found next to the paper bag were his, but denied having knowledge of the paper bag.

Sirmans complained that his arm hurt, and EMS arrived on the scene and evaluated him. Sirmans had an abrasion on his arm, but verbally refused treatment.

Officer Hart "vehemently" denied uttering a racial epithet towards Sirmans during the encounter. However, in viewing the evidence in the light most favorable to Sirmans, we must assume that the epithet was uttered.

Sirmans sued Special Agent Green and Officer Hart, alleging claims of malicious prosecution, false arrest, unreasonable force, giving false information, and seeking punitive damages. Special Agent Green and Officer Hart filed a motion for

---

[5]These pills were later identified by the crime lab as dihydrocodeinone (hydrocodone), a schedule II controlled substance, and carisoprodol, a schedule IV controlled substance. See OCGA § 16-13-26 (1) (A) (ix). OCGA § 16-13-27 (a) (2025).

[6] See OCGA § 16-13-30(a) or et seq. Sirmans was prosecuted by the Henry County District Attorney's Office and was acquitted.

summary judgement, asserting that official immunity precluded Sirmans's claims. The trial court denied their motion in a two-sentence order, which also did not dispose of the claim of " giving false information" which is not a tort recognized by Georgia law. It is from this order that Special Agent Green and Officer Hart now appeal.

1. Special Agent Green and Officer Hart argue that the trial court erred in denying summary judgement on their official immunity defense, which bars all claims. We agree.

> Official or 'qualified' immunity protects individual public agents from personal liability for discretionary actions taken within the scope of their official authority, and done without wilfulness, malice, or corruption. In Georgia, a public officer may be personally liable only for ministerial acts negligently performed or for discretionary acts performed with malice or an intent to injure.

(Punctuation and footnotes omitted.) *Marshall*, supra at 67.

It is undisputed that Special Agent Green and Officer Hart were acting in their discretionary function as law enforcement officers when investigating Sirmans for violations of the Georgia Controlled Substances Act. "Thus, [they are] entitled to official immunity from [Sirmans's] claims, absent a showing that [they] acted with

5

actual malice or intent to cause injury." (Footnote omitted.) *Tittle v. Corso*, 256 Ga. App. 859, 861-862 (1) (569 SE2d 873) (2002).

> Actual malice requires more than harboring bad feelings about another. While ill will may be an element of actual malice in many factual situations, its presence alone cannot pierce official immunity; rather, ill will must also be combined with the intent to do something wrongful or illegal. To hold otherwise would mean that any plaintiff who suffers damages as the result of an act of a public officer or employee can pierce that State defendants official immunity solely on the basis of the defendants rancorous personal feelings towards the plaintiff, even though the defendants actions in regard to the disliked plaintiff may have been completely lawful and legally justified. Equating actual malice with ill will would lead to this absurd result, contrary to well-established rules of constitutional construction.

(Citations omitted.) *Adams v. Hazelwood*, 271 Ga. 414, 415 (2) (520 SE2d 896) (1999). "The phrase 'actual intent to cause injury' has been defined in a tort context to mean an actual intent to cause harm to the plaintiff, not merely an intent to do the act purportedly resulting in the claimed injury. This definition of intent contains aspects of malice, perhaps a wicked or evil motive." (Punctuation and footnote omitted.) *Selvy v. Morrison*, 292 Ga. App. 702, 705 (665 SE2d 401) (2008).

6

Thus, it is not sufficient that Sirmans produce evidence from which a jury could find ill will, or rancourous personal feelings towards him. Rather, any such evidence must be *combined* with the intent to do something *wrongful or illegal*.

"[Special Agent Green and Officer Hart's] subjective feeling[s] or mental state[s] [are] irrelevant unless [they] prompt[] [them] to intend to do a 'legally unjustifiable action.' We therefore must examine the record to determine whether [Special Agent Green and Officer Hart's] action[s] [were] 'legally unjustifiable.'" (Citation and punctuation omitted.) *Delong v. Domenici*, 271 Ga. App. 757, 759 (1) (610 SE2d 695) (2005).

Prior to Sirmans arrest, Special Agent Green received information from a confidential informant whom he considered to be reliable, that "Dre" would be transporting marijuana and prescription pills on a bicycle near Willow Lane in McDonough, Georgia. Special Agent Green communicated this information to Officer Hart, and requested that Officer Hart assist him in locating and detaining this individual. Officer Hart was entitled to rely on the information relayed to him by Special Agent Green. See *Brown v. GeorgiaCarry.org, Inc.*, 331 Ga. App. 890, 895 (770 SE2d 56) (2015); see also *Gay v. State*, 233 Ga. App. 738, 739 (2) (505 SE2d 29) (1998).

Officer Hart subsequently went to the location where "Dre" was supposed to be transporting the drugs and encountered Undray Sirmans. Sirmans matched the physical description given by the confidential informant, was driving a bicycle as described by the confidential informant, and was in the area near Willow Lane that the confidential informant said "Dre" would be. Therefore, Officer Hart had reasonable suspicion to believe Sirmans was transporting illegal drugs, and to detain Sirmans for further investigation. See *Gray v. State*, 252 Ga. App. 301, 302-303 (556 SE2d 194) (2001) (tip from confidential informant and corroborated by arresting officer that defendant would be driving specific vehicle at specific time on specific road with specific amount of cocaine was sufficient to authorize an investigating stop of defendants vehicle.); see also *Gordon v. State*, 242 Ga. App. 50, 52 (1) (528 SE2d 838) (2000).

Sirmans admits that when he was approached by Officer Hart, he "became very irate" and told Officer Hart to "get out of here, you crazy." Sirmans further admits that when he was asked to stand with his hands on Officer Hart's patrol vehicle, he did not comply and moved his hands off of the hood of the vehicle. Officer Hart, along with another officer, took Sirmans to the ground for not complying. "The right to make an arrest or investigatory stop necessarily carries with it the right to use some

8

degree of physical coercion or threat thereof to effect it." (Punctuation and footnote omitted.) *Tittle*, 256 Ga. App. at 863 (1).

After detaining Sirmans, illegal drugs consistent with the type that the confidential informant stated that Sirmans would be carrying were found, with Sirmans' belongings. Sirmans admitted that the sunglasses and cell phone were his, but denied knowledge of drugs. Under these circumstances, the arrest of Sirmans for violations of the Georgia Controlled Substances Act and obstruction was legally justifiable. See *Sanchez v. State*, 197 Ga. App. 470, 471 (1) (398 SE2d 740) (1990).

In the context of these facts, there is absolutely no evidence from which to conclude that Special Agent Green or Officer Hart acted with actual malice or an intent to injure Sirmans. It is undisputed that neither had interacted with Sirmans before the date in question, and the sole evidence of malice asserted by Sirmans is Officer Hart's alleged use of a racial epithet.

Even after giving Sirmans' evidence every benefit of the doubt, however, we cannot conclude that his testimony regarding the use of a racial epithet, combined with no other evidence of any intent to do something wrongful or illegal, could authorize a finding of "actual malice" sufficient to pierce the shield of official immunity. The trial court erred in denying Special Agent Green and Officer Hart's

9

motion for summary judgement on the basis of official immunity. See *Delong*, 271 Ga. App. at 759 (1) (reversing denial of summary judgement after finding the police officer was entitled to official immunity); see also *Stephens v. Zimmerman*, 333 Ga. App. 586, 591-593 (1) (b) (774 SE2d 811) (2015).

2. Because of our ruling in division (1), we need not address Special Agent Green and Officer Hart 's remaining arguments.

*Judgment reversed. Barnes, P. J. and Ray, J. concur*.