[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15177
_____

D.C. Docket No. 4:13-cv-00084-HLM

ANGELA GARMLEY,
JOE GARMLEY,
JASON SOUTHERN,

Plaintiffs - Appellants,

versus

BRYANT COCHRAN,
Former Magistrate Court Judge,
MURRAY COUNTY, GEORGIA,
THE MURRAY COUNTY SHERIFF'S DEPARTMENT,
HOWARD ENSLEY
MICHAEL HENDERSON,
JOSH GREESON,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 6, 2016)

Before JORDAN and ANDERSON, Circuit Judges, and KALLON,[*] District Judge.

PER CURIAM:

The plaintiffs-appellants in this case challenge the district court's decision to dismiss claims against one of the defendants-appellees, to deem admitted various evidentiary matters, and to grant summary judgment for the remaining two defendants-appellees. For the reasons fully explored at oral argument, for many of the reasons set out in the district court's opinions, and for the reasons briefly outlined below, we find that the plaintiffs failed to demonstrate an abuse of discretion in the district court's dismissal of defendant Cochran, its evidentiary decisions, or its denial of various pre- and post-judgment motions; moreover, we agree with the district court that the plaintiffs failed to adduce sufficient evidence to create a genuine issue of fact that defendants Henderson and Greeson had violated constitutional and state law in executing the stop, search, and arrests at issue here.

### A. Cochran's Motion to Dismiss

This court finds that the district court did not abuse its discretion in dismissing the claims against Cochran for failure to comply with Federal Rules of

---

[*] The Honorable Abdul K. Kallon, United States District Judge for the Northern District of Alabama, sitting by designation.

Civil Procedure 8(a)(2) and 10(b). *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) ("Our standard of review of such dismissals [for failure to comply with Rules 8(a)(2) and (10)(b)] is abuse of discretion.") (citation omitted). Both the language of Rule 10(b) and our previous rulings have instructed parties they must state each claim for relief in a separate count or defense and that each claim should specify the defendant or defendants to which it applies. *See, e.g.*, *id.* at 1320-23. Additionally, the district court in granting plaintiffs leave to amend their complaint outlined its expectations of future pleadings—specifically, that each claim would have a separate cause of action and that each claim would allege a specific, as opposed to general, harm. Because the plaintiffs' complaint and the claims brought against Cochran failed to comply with the Federal Rules, our precedent, or the district court's directions, we find that the district court did not abuse its discretion in dismissing the claims against Cochran.

## B. The Officers' Motions for Summary Judgment

The plaintiffs-appellants raise several contentions of error with respect to the defendant officers, Henderson and Greeson. Specifically, they contend that the district court abused its discretion with respect to three discovery rulings and that the district court erred in granting the officers' motions for summary judgment.

### 1. Discovery Rulings

We begin our analysis with the discovery issues, which we review for an abuse of discretion. *See United States v. R&F Props. of Lake Cty., Inc.*, 433 F.3d 1349, 1355 (11th Cir. 2005) ("The district court's discovery decisions are reviewed for abuse of discretion.") (citation omitted); *Shuford v. Fid. Nat. Prop. & Cas. Ins. Co.*, 508 F.3d 1337, 1341 (11th Cir. 2007) (reviewing for abuse of discretion a district court's rulings on a motion under the predecessor to Federal Rule of Civil Procedure 56(d)).

The district court did not abuse its discretion by deeming admitted the requests for admission that Henderson served upon Garmley and Southern. Federal Rule of Civil Procedure 36(a) allows a party to "serve on any other party a written request to admit . . . the truth of any matters within the scope of Rule 28(b)(1)" but notes that "[a] matter is deemed admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection[.]" The record reflects that neither Garmley nor Southern responded to Henderson's requests for admissions or moved the district court to withdraw the admissions. We have previously found that a party's failure to respond to requests for admission constituted admissions of the same, and we see no reason to depart from that rule today. *See, e.g.*, *Perez v. Miami-Dade Cty.*, 297 F.3d 1255, 1263 (11th Cir. 2002) ("If a party fails to respond within thirty days [to

4

a Rule 36(a) request], then the matter is admitted.") (internal quotations, alteration, and citation omitted). Therefore, we find that the district court did not abuse its discretion in deeming admitted Henderson's requests for admission as to Garmley and Southern.

The district court also did not abuse its discretion by denying the plaintiffs' Federal Rule of Civil Procedure 56(d) motion to delay until the close of discovery the briefing on the officers' motions for summary judgment. Although "[a]s a general rule summary judgment should not be granted until the party opposing the motion has had an adequate opportunity to conduct discovery," we have not adopted a "blanket prohibition on the granting of summary judgment motions before discovery" closes. *See Reflectone, Inc. v. Farrand Optical Co.*, 862 F.2d 841, 843 (11th Cir. 1989) (citation omitted). While Henderson and Greeson moved for summary judgment nearly two months prior to the close of discovery, the district court in denying the Rule 56(d) motion ultimately gave the plaintiffs more than six weeks after the initial motion for summary judgment to file their responses. Notwithstanding this expanded briefing schedule and the remaining time for discovery, at no point during that time or leading up to the officers' motions for summary judgment did the plaintiffs depose any defendant or witness

5

in the case.[1] We additionally note that, notwithstanding the plain language of Rule 56(d) and the district court's explicit directions to do so, the plaintiffs never filed an affidavit describing what specific discovery they needed. In light of these facts and upon review of the record as a whole, we find that the district court did not abuse its discretion in denying the plaintiffs' Rule 56(d) motion.

We similarly find that the district court did not abuse its discretion when it deemed admitted Henderson's and Greeson's statements of undisputed material facts that they submitted with their motions for summary judgment. Under Northern District of Georgia Local Rule 65.1(B)(2), a party opposing summary judgment must specifically refute each of the facts listed in the moving party's statement of undisputed facts, or the district court may deem each of the unrefuted facts admitted. This court has previously examined Local Rule 56.1 and observed that it is "both a sanction for the parties and a balm for the district court: the parties are given an incentive to conform to the rule . . . and the district court is in any case relieved of the obligation to ferret through the record." *See Reese v. Herbert*, 527 F.3d 1253, 1268 (11th Cir. 2008) (internal quotations and citation omitted). Because the plaintiffs failed to specifically refute either officer's statements of

[1] At oral argument, the plaintiffs contended that the unique nature of this case—specifically, the concurrent criminal prosecution against the officers—hampered their efforts to conduct discovery. However, the plaintiffs admitted that they never served any defendant with a deposition notice, and, as a result, no Fifth Amendment privilege defense was actually asserted. In other words, the plaintiffs were not formally prohibited from deposing—or at least noticing— the defendants in this case.

undisputed facts,[2] the district court did not err in finding that the officers' statements were admitted for the purposes of summary judgment.

### 2. Summary Judgment Ruling

We review a district court's grant of summary judgment *de novo*, applying the same legal standards that bound the district court and viewing all the facts and reasonable inferences in the light most favorable to the nonmoving party. *Shuford*, 508 F.3d at 1341 (citation omitted).

Based on the record before the district court, we agree with the district court that Henderson's and Greeson's motions for summary judgment were due to be granted. When, as here, a responding party fails to comply with Local Rule 56.1 and the moving party's statement of undisputed facts is therefore deemed admitted, "a district court [is] to disregard or ignore evidence relied on by the respondent— but not cited in the movant's statement of undisputed facts—that yields facts contrary to those listed in the movant's statement." *See Reese*, 527 F.3d at 1268. Indeed, even though in this situation the moving party has the "functional analog"

---

[2] Although the plaintiffs did list five so-called "disputed" facts in their opposition to summary judgment, these facts do not correspond with the officers' statements of undisputed fact as required under Local Rule 56.1(B)(2), and, further, they are conclusory in nature and cite only to the plaintiffs' complaint or to a transcript of Henderson's sentencing proceedings. Because the format of these disputed facts does not conform with Local Rule 56.1 and because allegations in a complaint do not constitute evidence at summary judgment, the plaintiffs' submission failed to sufficiently refute the officers' statements of undisputed facts. *See Wright v. Farouk Sys., Inc.*, 701 F.3d 907, 911 n.8 (11th Cir. 2012) ("[P]leadings are only allegations, and allegations are not evidence of the truth of what is alleged.").

of an unopposed motion for summary judgment, "[t]he movant . . . continues to shoulder the initial burden of production in demonstrating the absence of any genuine issue of material fact, and the court must satisfy itself that the burden has been satisfactorily discharged." *Id.* Based on the record before it, the district court appropriately found that the officers were entitled to summary judgment.

We agree with the district court that Henderson and Greeson are entitled to qualified immunity on the federal claims. Specifically, the facts asserted at summary judgment—namely, that Southern was driving with his high-beam lights on in violation of Georgia law—justified Greeson's decision to stop the car. Additionally, the facts showed that Greeson had probable cause to search Garmley's car after Greeson's dog alerted near the driver's side front tire. The facts also showed that Greeson had at least arguable probable cause for the arrests of the three plaintiffs given the discovery of methamphetamine in Garmley's car and Garmley's husband's obstruction of the stop. Next, with respect to Henderson, the undisputed facts before the district court reflected that Henderson did not plant the drugs on the car; did not personally stop, search, or arrest the plaintiffs; and did not direct anyone else to take such actions. Therefore, the plaintiffs' Fourth Amendment claims must fail as a matter of law for lack of a constitutional harm.

In absence of a constitutional claim, the conspiracy claim against the two officers also fails. *See Hadley v. Gutierrez*, 526 F.3d 1324, 1332 (11th Cir. 2008)

8

(requiring an underlying constitutional harm to sustain a conspiracy claim under § 1983). Alternatively, the district court correctly granted summary judgment on the conspiracy claim because the plaintiffs, who did not submit any evidence to rebut the officers' claim that they never entered into an agreement to violate the plaintiffs' constitutional rights, failed to show "that the defendants reached an understanding to deny the plaintiff[s'] rights." *Id.* (citation omitted). Therefore, because the plaintiffs failed to create a genuine dispute of material fact as to any of these federal claims, the district court did not err in granting summary judgment here for Henderson and Greeson.

We similarly find no error in the district court's ruling on the state law claims. Georgia official immunity protects the officers because the plaintiffs failed to establish that the officers acted with actual malice. *See Merrow v. Hawkins*, 467 S.E.2d 336, 337 (Ga. 1999) (holding that an officer "is entitled to official immunity unless he acted with actual malice.") (quotations omitted). "[I]n the context of official immunity, 'actual malice requires a deliberate intention to do wrong[.]'" *Adams v. Hazelwood*, 520 S.E.2d 896, 898 (Ga. 1999) (quoting *Merrow*, 467 S.E.2d at 337). The facts at summary judgment fail to establish that either Henderson or Greeson acted with the intent to do a wrongful act. Therefore, because the plaintiffs failed to create a factual dispute regarding actual malice, the

9

district court did not err in finding that the officers' actions on the night in question are protected from liability under Georgia's official immunity doctrine.

### C. Rule 60(b) Motions

Because the decision to grant a Rule 60(b) motion is committed to the sound judgment of the district court, we review its denial for an abuse of discretion. *Aldana v. Del Monte Fresh Produce N. Am., Inc.*, 741 F.3d 1349, 1355 (11th Cir. 2014) (citation omitted). Contrary to the plaintiffs' contentions of alleged error, we find that the district court appropriately denied the first motion, which the plaintiffs filed after the court dismissed Cochran from the lawsuit, because the claims against Henderson and Greeson remained outstanding and the court had not issued a final judgment in the case. *See* Fed. R. Civ. P. 60(b) (requiring a "final judgment, order, or proceeding" for relief); *see also Denson v. United States*, 574 F.3d 1318, 1335 n.52 (11th Cir. 2009) ("The district court should have denied [the plaintiff's] Rule 60(b) motion for the obvious reason that the . . . order was not final."). We reach a similar finding as to the second Rule 60(b) motion. The plaintiffs filed this motion after final judgment in this case and asserted that the district court should set aside its order dismissing Cochran in light of his indictment and conviction on criminal charges that related, in part, to conduct that formed the basis for Garmley's claims against him and in light of a neighbor's affidavit describing the search of Garmely's car. This contention is unavailing because the evidence of Cochran's

criminal proceedings, even if it were admitted, would not have resolved the complaint's Rule 8(a) and Rule 10(b) shortcomings that formed one of the bases for dismissal. Additionally, the district court did not abuse its discretion regarding the neighbor's affidavit because the plaintiffs did not assert a showing that the evidence was previously unavailable.[3] *See M.G. v. St. Lucie Cty. Sch. Bd.*, 741 F.3d 1260 (11th Cir. 2014) ("[W]here a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant that motion absent some showing that the evidence was not available during the pendency of the [case].") (alterations in original) (internal quotation and citation omitted). Therefore, we find that the district court did not abuse its discretion in denying both of the plaintiffs' Rule 60(b) motions.

## Conclusion

We conclude that the district court did not abuse its discretion in dismissing Cochran under Rules 8(a) and 10(b), deeming Henderson's requests for admissions to Garmley and Southern admitted, denying the plaintiffs' Rule 56(d) motion, deeming the officers' undisputed statements of material fact admitted, or denying

---

[3] The plaintiffs also assert that the district court abused its discretion by denying relief under Rule 60(b)(6), which allows a final judgment to be set aside for "any other reason that justifies relief." Because the indictment, conviction, and neighbor's affidavit constitute new evidence, the plaintiffs cannot find relief under Rule 60(b)(6). *See Gulf Coast Bldg. & Supply Co. v. Int'l Bhd. of Elec. Workers*, 460 F.2d 105, 108 (5th Cir. 1972) ("Where either Clauses [60](b)(1), (2), (3), (4), or (5) provide coverage for the movant's claim, relief may not be obtained pursuant to Clause (b)(6).") (citation omitted).

the Rule 60(b) motions. We conclude that the evidence in this record is insufficient to establish a genuine issue of material fact that Henderson or Greeson violated either federal or state law and should not be afforded the protection of immunity. Accordingly, the judgment of the district court is

**AFFIRMED**.